IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
RECEIVED

2007 APR -6 A 9:13

[NO MONEYTARY REQUESTED]

JURY TRIAL DEMANDED
FCRP 38 & 39

MARCUS TATE    AIS# 180664
Full name and prison number
of plaintiff(s)

INJUCTION DEMANDED FCRP 65

CIVIL ACTION NO. 2:07 CV 292 -WKW
(To be supplied by Clerk of
U.S. District Court)

v.    Head Defendant

ATTORNEY MARC BASS et,al

ASS,ATTORNEY,MARC A STARRETT

TROY KING

JUDGE THOMAS BAXTER et,al

D.A. ROBERT BOBBY KEAHEY et,al
Name of person(s) who violated
your constitutional rights.
(List the names of all the
persons.)

[FREEDOM DEMANDED]

CLAIMS
1. EXCESSIVE FORCES
2. ILLEGAL ARREST
3. FLASE IMPRISONMENT
4. KIDNAPPING
5. MALICIOUS PROSECUTION

I.    PREVIOUS LAWSUITS
   A.   Have you begun other lawsuits in state or federal court
        dealing with the same or similar facts involved in this
        action?  YES ( X )  NO (   )

   B.   Have you begun other lawsuits in state or federal court
        relating to your imprisonment?  YES ( X )  NO (   )

   C.   If your answer to A or B is yes, describe each lawsuit
        in the space below.  (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.   Parties to this previous lawsuit:

             Plaintiff(s)  ~~TROY KING~~ MARCUS TATE

             ~~ROBERT KEAHEY~~
             Defendant(s) ATTORNEY GENERAL MARC BASS et,al

             ROBERT KEAHEY et,al

        2.   Court (if federal court, name the district; if
             state court, name the county) _____
             UNITED STATE MIDDLE COURT MONTGOMERY ALABAMA

3

3.   Docket number _____

4.   Name of judge to whom case was assigned _____

TRANFERED

5.   Disposition (for example:  Was the case dismissed?
     Was it appealed?  Is it still pending?) _____

     AFTER TRANFERED PLAINTIFF FILED MOTION TO DISMISS

6.   Approximate date of filing lawsuit _____ 2006

7.   Approximate date of disposition _____

II.  PLACE OF PRESENT CONFINEMENT SEE BRIEF ATTACHED
_____

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED ATTORNEY

GENERAL OFFICE et,al ESQ STATE OF ALABAMA MONTGOMERY COUNTY

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR
     CONSTITUTIONAL RIGHTS.
                NAME                          ADDRESS
                              MARC BASS et,al esq

1.   ATTORNEY GENERAL ~~TROY KING~~ et,al

2.   ASSISTANT ATTORNEY GENERAL MARC A.STARRETT et,al ESQ
                                     TROY KING
3.   ~~ASSISTANT~~ ATTORNEY GENERAL ~~MARCUS BASS~~ et,al ESQ

4.   JUDGE THOMAS JAMES BAXTER et,al  esq

5.   D.A. ROBERT BOBBY KEAHEY ET,AL ESQ

6.   D.A. SPENCER WALKER ET,AL ESQ

IV.  THE DATE UPON WHICH SAID VIOLATION OCCURRED NOV 1999 to

UP DATES MARCH 26/ 2007  KIDNAPPING & FALSE IMPRISONMENT

V.   STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION
     THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:
              EXCESSIVE FORCE, ILLEGAL ARREST, Flase Imprisonment,/
GROUND ONE: KIDNAPPING AND FALSE IMPRISONMENT 13A-6-42 and

13A-6-43 and  18 USCS 1201 VIOLATING PLAINTIFF U.S. CIVIL

RIGHTS CONSTITUTION 4th,5th,6th,8th,9th,13th,14th,DUE PROCESS
OF LAW AND MALICIOUS PROSECUTION 28 USCS 2680(h)

2

4

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

PURSUANT TRIAL COURT TRANSCRIPT PAGE# 225 AND ATTACHED AFFIDAVITS OF C/O DEFENDANTS WITNESS IN ATTORNEY APPEALS COURT BRIEF

PAGE # 42 and 43    TRIAL COURT TRANSCRIPT CASE NO.CC-99-169-M

TIME WAS NOV/1999 to updates MARCH/26/2007

(A). TATE DID NOT TESTIFY(B). TATE PLEADED NOT GUILTY

GROUND TWO: THE STATE D.A. et,al esq USED COERCED CONFESSION OF two Illegal witness who committed the crime THAT DID NOT HAVE ANY KNOWLEDGE OF TATE BURGLARIZING NO HOME MAY/12/1998
SUPPORTING FACTS:

THE FACTS IS IN TRANSCRIPT CASE NO CC-99-169-M PAGE# 225 AND ATTACHED AFFIDAVITS IN APPELLEE BRIEF OF ALABAMA CRIMINAL COURT APPEALS BRIEF PAGE# 42 and 43 AFFIDAVITS OF C/O

DEFENDANTS WITNESS LORENZO SMITH AND NAKIA MCCASKEY


GROUND THREE:  ATTORNEY BEN KELLY ASK THE QUESTION IN TRANSCRIPT PAGE# 225 DO YOU HAVE ANY KNOWLEDGE OF THIS CASE

SUPPORTING FACTS:  CONTINUE: OTHER THAT WHAT YOU WAS TOLD AND COERCED TO SAY BY THE DISTRICT ATTORNEY ROBERT KEAHEY et,al NOV/2/1999

FACTS: BOTH C/O DEFENDANTS WITNESS STATED[NO] AND TATE DID NOT BURGLARIZED NO HOME OF DANNY JOE SIMS AT JURY TRIAL NOV/2/1999 PURSUANT 13A-6-42 and 13A-6-43 and

18 USCS  1201 and  28 USCS 2680(h) MALICIOUS PROSECUTION

## CLAIMS
1. EXCESSIVE FORCES
2. ILLEGAL ARREST
3. FIASE IMPRISONMENT
4. KIDNAPDING      3
5. MALICIOUS PROSECUTION

5

VI.  STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU.
MAKE NO LEGAL ARGUMENT.  CITE NO CASES OR STATUTES.

ENTER AN FEDERAL COURT ORDER TO VACATE ABOLISH LIFE

SENTENCE CONVICTION SET ME FREE TO FAMILY

AND SET ME AN SPECIAL INTERVEIW WITH CNN WORLD NEWS OUTTA

ATLANTA GA, TO MAKE THIS CASE PUBLIC SO I CAN RECORD A
MOVE OF MY LIFE HISTORY IN THE FEDERAL COURT ROOM OF
U.S.M.D MONTGOMERY ALABAMA   *Marceel O, Tate*

Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true
and correct.

EXECUTED on  *April/2/2007*.

(Date)

*Marceel O. Tate Ais#180664*

Signature of plaintiff(s)

## CLAIMS

1. EXCESSIVE FORCES
2. ILLEGAL ARREST
3. FLASE IMPRISONMENT
4. KIDNAPPING
5. MALICIOUS PROSECUTION

4

6

IN THE UNITED STATES MIDDLE DISTRICT COURT
STATE OF ALABAMA

MARCUS TATE                          #
Aka,DRELIJAH J.MUHAMMAD
        Plaintiff                              CV CASE NO._____

                                     #
vs.                                          ___FREEDOM DEMANDED___
MARC BASS ATTORNEY GENERAL et,al     #
        DEFENDANTS esq et,al                 JURY TRIAL DEMANDED
                                     #       FCRP 38 and 39

                                     #       INJUCTION DEMANDED
                                             FCRP 65 STATUTES P.

                                     #       [NO,MONEYTARY RELIEF REQUESTED]

                                     #

DEFENDANTS___        PARTIES TO THIS CIVIL SUIT

ATTORNEY  GENERAL TROY KING et,al
11 SOUTH UNION STREET
MONTGOMERY ALABAMA  36130

ASSISTANT ATTORNEY GENERAL MARC A.STARRETT
11 SOUTH UNION STREET
MONTGOMERY ALABAMA 36130

ASSISTANT ATTORNEY GENERAL MARC.S. BASS

11 SOUTH UNION STREET
MONTGOMERY ALABAMA 36130

JUDGE THOMAS BAXTER
P.O. BOX 912
GROVE HILL ALABAMA 36451

DISTRICT ATTORNEY ROBERT KEAHEY etal
P.O. BOX 850
GROVE HILL ALABAMA 36451

DISTRICT ATTORNEY SPENCER WALKER et,al
P.O.BOX 850
MONTGOMERY ALABAMA 36451

CLAIMS
1. EXCESSIVE FORCES
2. ILLEGAL ARREST
3. FLASE IMPRISONMENT
4. KIDNAPPING
5. MALICIOUS PROSECUTION

PAGE # 1 of 1

7

*CLAIMS*
1. EXCESSIVE FORCES
2. ILLEGAL ARREST
3. FLASE IMPRISONMENT
4. KIDNAPPING
5. MALICIOUS PROSECUTION

PAGE# 2 of 2

CONTINUE PAGE

PLAINTIFF TO CIVIL SUIT :
----------------------------------------

MARCUS TATE AIS# 180664
3800 GK FOUNTAIN CORRECTIONAL
ATMORE ALABAMA 36503

LEGAL NAME

DRELIJAH J. MUHAMMAD
SSN# 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
COMMERCIAL LICENCE# 6291505
B/M RACE DOB 06/07/75

WITNESS TO BE CALLED ON CIVIL SUIT
----------------------------------------

ATTORNEY BEN KELLY
P.O. BOX 188
JACKSON ALABAMA 36545
TEL# 251-246-4440

C/O DEFENDANT WITNESS LORENZO SMITH 334-636-0911
   ASK FOR EDWARD MYLES HIS FATHER WILL GIVE HIS LOCATION

C/O DEFENDANT WITNESS NAKIA MCCASKEY 334-636-0911
ASK FOR LUTHER E MCCASKEY SHE WILL GIVE HIS LOCATION

### RECORDS OF FACTS AND ISSUES PRESENT FOR REVEIW
----------------------------------------

(1). TRANSCRIPT TRIAL RECORDS PAGE NO,225 CASE NO. CC-99-169-M
     ADDRESS LOCATION  CLERK OFFICE JAY DUKES P.O. BOX 912
     GROVE HILL ALABAMA                                         Pg# 75 & 76

(2). APPEAL BREIF EXHIBIT"B" PAGE NO. 42 and 43 AFFIDAVITS OF
     C/O DEFENDANTS WITNESS LORENZO SMITH & NAKIA MCCASKEY

(3). TATE PLEADED NOT GUILTY IN TRIAL CC-99-169-M NOV/2/1999

(4). TATE PLEADED THE FIFTH AMENDMENT OF RIGHTS AND DID NOT
     TESTIFY IN TRIAL COURT NOV/2/1999

(5). BOTH  C/O DEFENDANTS WITNESS WAS MADE TO COMMITT PERJURY
     BY D.A. ROBERT KEAHEY et,al as Attorney Ben Kelly Put it
     on notices in transcript RECORDS PAGE# 225

(6). BOTH C/O DEFENDANTS WAS MADE TO COMMITT COERCED CONFESSION

(7). EXHIBIT"A" BREIF OF ATTORNEY GENERAL TROY KING et,al
                                        Pg# 12                    8

PAGE#  2 of 2

CLAIMS

1. EXCESSIVE FORCES
2. ILLEGAL ARREST
3. FLASE IMPRISONMENT
4. KIDNAPPING
5. Malicious Prosecution

## GROUNDS AND CIVIL RIGHTS VIOLATIONS

(1). THE PLAINTIFF STATE FACTS UNDER FCRP 56(e) BECAUSE
THE ATTORNEY GENERAL TROY KING et,al IS FIGHTING
TO KEEP AN INNOCENT MAN IN ADOC HE,S

   (a). AIDING AND ABIDING THE STATE OF ALABAMA
      TO ILLEGAL KIDNAPPING AND UNLAWFULLY IMPRISONMENT
      PURSUANT TITLE CODE 1975 Ala, 13A-6-42 and 13A-6-43
      and 18 USCS 1201 CITING 28 USCS 2680(h)
      MALICIOUS PROSECUTION

## MONEY

(2). THE STATE OF ALABAMA HAS MADE ILLEGAL MONEY ON PLAINTIFF
FOR THE PAST TEN YEARS PURSUANT Ala.R.CRIM.P 26.8(2)
ALABAMA RULES OF COURT PROCEDURES

## AFTER TH FACTS OF COERCED CONFESSION

(3). THE FACTS WILL BE MADE KNOW THAT THE ATTORNEY GENERAL
TROY KING et,al esq can be lible SEE exhibit"A" Pg# 12
PAGE COVER SHEET BREIF OF APPELLEE

(4) THE PLAINTIFF ASK THE MIDDLE DISTRICT COURT OF MONTGOMERY
ALABAMA TO CAREFULLY REVEIW THE FACTS ON PLAINTIFF
BRIEF ON PAGE 2 of 2 AND COURT ORDER SUBPOENA ANY AND
ALL RECORDS TO TURN OVER EVERY STONES     Pg# 0

(5). ATTORNEY BEN KELLY OF JACKSON ALABAMA  ASK A QUESTION IN
TRIAL COURT TRANSCRIPT RECORD PAGE NO. 225

QUESTION: TO BOTH C/ODEFENDANTS WITNESS,DO YALL HAVE ANY
         ACKNOWLEDGEMENT OF THIS CASE OTHER THAN WHAT YALL
         WAS COERCED AND MADE TO SAY DOWN STAIR IN THE OLD
         COUNTY JAIL OF CLARKE GROVE HILL AL,

ANSWER: BOTH C/O DEFENDANTS WITNESS [NO] AND PLAINTIFF TATE
       DID NOT COMMITT NO BUGLARY ON DANNY JOE SIMS HOME

(6). THE STATE HAS VIOLATED IT OWN STATUTES PROCERDURES LAWS
UNDER 13A-6-42 and 13A-6-43  SEE CLAIMS 1-5 ABOVE

(7). MARCUS TATE PLAINTIFF DOES NOT BELONG IN NO CUSTODY OF
THE STATE OF ALABAMA ADOC PRISON
PURSUANT 28 USCS 2680(h) MALICIOUS PROSECUTION
AND 18 USCS 1201 AND Al.R.CRIM.P 26.8(2)

PAGE # 3 of 3

9

(8). BECAUSE PLAINTIFF WAS TAKEN OUTTA FREE SOCIETY FOR THE
     PAST TEN YEARS BY THE STATE OF ALABAMA KIDNAPPING
     AND UNLAWFULLY IMPRISONMENT UNDER 13A-6-42 and 13A-6-43
     and 18 USCS 1201 and 28 USCS 2680(h)

     (a). IT VIOLATE THE PLAINTIFF CIVIL RIGHTS 4th/8/
          5th AMENDMENT DUE PROCESS OF LAW AND

          DEPRIVE HIM OF LIBERTY TO BE[FREE]  and enjoying
          the full Benifits in free society


(9). THE STATE OF ALABAMA REPRESENTATIVES HAS DEPRIVED PLAINTIFF
     OUTTA HIS CIVIL RIHGTS 14th AMENDMENT BY
     (a). ILLEGALL KIDNAPPING            SEE CLAIMS 1-5
     (b).UNLAWFULLY IMPRISONMENT HIM
     SEE EXHIBIT"A" & "B" ATTACHED AND SUBPOENA TRANSCRIPT PAGE
     NO. 225 and SUBPOENA WITNESS AND ATTORNEY BEN KELLY

        (c). PLAINTIFF DID NOT RECIVE EQUAL PROTECTION OF LAW
             OF DUE PROCESS OF LAW UNDER THE U.S. CIVIL RIGHTS
             CONSTITUTIONAL

(10). THESE ACTS THE STATE OF ALABAMA HAS COMMITTED UNDER
      MALICIOUS PROSECUTION 28 USCS 2680(h) AND 18 USCS 1201
      AND 13A-6-42 and 13A-6-43 CITING Al.R.CRIM.P 26.8(2)

      (a). HAS INFLICTED THE PLAINTIFF WITH CRUEL UNUSUAL
           PUNISHMENT FOR THE PAST TEN YEARS
           BEHIND PRISON WALL ILLEGALL FROM AUGUST 1998
           UPDATE APRIL/2007

(11). THE 13th AMENDMEND HAS ALSO BEEN VIOLATED OF PLAINTIFF

      (a). IT STATED PLAINTIFF MUST AND SHALL BE DUTYLY
           CONVICTION OF A CRIME TO BE PUT IN LEGAL SLAVERY
           TO DO HARD LABOR IN ADOC PRISON

(12). PURSUANT 8th AMENDMENT NOR CRUEL UNUSUAL PUNISHMENT
      NOR EXECECSIVE FINES SHALL NOT BE IMPOSED WITHOUT
      JUST CAUSE OF LAW  SEE CLAIMS 1-5

(13). THE PLAINTIFF ASK THE UNITED STATES MIDDLE DISTRICT COURT

      FEDERAL JUDGE TO NOT LET THIS CASE LEAVE THIS COURT
      IN MONTGOMERY ALABAMA  ,AND TO FIND ALL FACTS TO GIVE
      THE PLAINTIFF RELIEF BACK HOME TO HIS FAMILY AND FRIENDS
      AND LOVE ONES     CLAIMS

PAGE# 4 of 4          1. EXCESSIVE FORCES
                      2. ILLEGAL ARREST
                      3. FLASE IMPRISONMENT
                      4. KIDNAPPING
                      5. MALICIOUS PROSECUTION

10

IN THE UNITED STATES MIDDLE DISTRICT COURT
STATE OF ALABAMA

MARCUS TATE
   PLAINTIFF
vs.

MARC BASS ATTORNEY GENERAL et,al
   DEFENDANTS

        \*

        \*

        \*

        \*

CV.NO. 2:07cv 292~WKW

**NOTICES TO THE FEDERAL JUDGES ADOC STAFF REFUSED TO NOTARIZE**

SIGNED: PLAINTIFF: _Marcus O. Tate_

MARCUS TATE/ DRELIJAH MUHAMMAD ASI# 180664

SIGNED WITNESS: _Robert Lewis Brown_

Robert Brown  AIS NO. 125529

**CERTIFICATION OF SERVICE**

I SWEAR I HAVE SERVED THE CLERK OF COURT AND OTHER PARTIES BY
THE U.S. VISA MAILING SERVICE HAND DELIVERY BY POST MASTER
GENERAL DAY OF _2nd_ MONTH APRIL  2007

_Marcus O. Tate_

3800 GK FOUNTAIN CORR
ATMORE ALABAMA 36503

## FCRP 65 STATUTES PROCEDURES

(A). THE PLAINTIFF GIVES THE FEDERAL JURISDICTION TO EXCISE
FULL CUSTODY OF THIS CASE AND ENTER AN INJUNCTION
COURT ORDER TO SET PLAINTIFF FREE FROM ILLEGALL
CUSTODY

## ROB MY LIFE

(B). THE PLAINTIFF ASK THAT TROY KING et,al be SUBPOENA TO
COURT SO I CAN LOOK THEM IN THE FACE TO ASK WHY DID
THEY ROB MY LIFE IN ILLEGAL CUSTODY FOR THE PAST TEN
YEARS

## CONCLUSION

THE PLAINTIFF GIVES THIS CIVIL CASE BACK TO THE RIGHT JURISDICTION

AND ASK THE FEDERAL JUDGE TO EXCISE FULL POWER IN GIVING RELIEF

THE PLAINTIFF ASK THAT THIS CASE DO NOT BE TRANFERED TO NO
UNITED STATES SOUTHERN DISTRICT COURT
BECAUSE HIS APPEALS IS IN THE OFFICE OF ATTORNEY GENERAL TROY
KING et,al

MR.KING IS FIGHTING TO KEEP THE PLAINTIFF IN PRISON ILLEGAL
SEE EXHIBIT"A" & "B" ATTACHED

## CERTIFICATION OF SERVICE

I SWEAR I HAVE SERVED THE OFFICE OF TROY KING et,al and the SAME
HAS BEEN PLACED ON THE UNITED STATED MIDDLE DISTRICT CLERK OFFICE
DONE BY VISA MAIL PREPAID HAND DELIVERY THIS DAY _2nd_
MONTH APRIL  2007

*Marcus O. Tate*

MARCUS TATE AIS# 180664
3800 GK FOUNTAIN CORRECTIONAL
ATMORE ALABAMA 36503

STATE OF ALABAMA
 NOTARY PUBLIC

### [AFFIDAVIT]

I SWEAR I HAVE STATED ALL FACTS AND GIVING EXHIBITS AND WITNESS
AND PRAY THEY BE COURT ORDER SUBPOENA TO COURT

I ALSO SWEAR I,AM OVER THE AGE 21 AND CAN STAND TRIAL TO ALLEGES
ISSUES OF FACTS

*Marcus O. Tate*

SWORN TO AND SUBSCRIBED BEFORE ME THIS DAY _2nd_ APRIL 2007

NOTARY:_____ COMMISSION EXPIRES:_____

page# 5 OF 5

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

**Lane W. Mann**
Clerk
**Gerri Robinson**
Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

March 26, 2007

**CR-06-0905**

Marcus Orlanda Tate v. State of Alabama  (Appeal from Clarke  Circuit Court:
CC99-169.61)

### <u>Notice of Filing of Brief</u>

You are hereby notified that the following action was taken in the above cause:

Appellee's Brief Filed.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

**cc:** Marcus Orlanda Tate, Pro Se
Hon. Marc Bass, Asst. Attorney General





United States Postal Service®

**DELIVERY CONFIRMATION™**

C305 2730 0000 4849 9552

PRIORITY MAIL
UNITED STATES POSTAL SERVICE®
www.usps.com

Label 107R, February 2006

FEDERAL COURT HOUSE
CLERK OFFICE
ONE Church STREET
Montgomery Ala. 36110

FEDERAL COURT HOUSE
UNITED STATES MIDDLE DISTRICT
ONE CHURCH STREET
Montgomery Ala. 36104

CLERK's OFFICE

UNITED STATES
POSTAL SERVICE

0000

36104

U.S. POSTAGE
PAID
ATMORE, AL
APR 04 07
AMOUNT
$0.00
00023455-08

stamps.com
C52360.16

$0.39
US POSTAGE
FIRST-CLASS
0625000529383
1001

stamps.com
C52360.16

stamps.com
C52360.17

$0.39
US POSTAGE
FIRST-CLASS
0625000529383
1001

$0.39
US POSTAGE
FIRST-CLASS
0625000529383
1001

USA.39

CR-06-0905

RECEIVED

2007 APR -6   A 9: 25

In the COURT of CRIMINAL APPEALS
Of ALABAMA

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

*Troy King et al*
*BRIEF "A"*
*Ex*

*EXHIBIT "A"*
*ATTORNEY GENERAL BRIEF*

MARCUS ORLANDA TATE,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

On Appeal From the Circuit Court of
Clarke County, Alabama
(CC-99-0169.61)

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

Marc A. Starrett
*Assistant Attorney General*

Marc S. Bass
*Assistant Attorney General*
Counsel of Record *

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
(334)242-7300;  (334)353-8563
mbass@ago.state.al.us

March 26, 2007

12

## STATEMENT REGARDING ORAL ARGUMENT

The State of Alabama does not request oral argument, because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument. Ala. R. App. P. Rule 34(a)(3).

13

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT.......................... i

TABLE OF CONTENTS......................................... ii

TABLE OF CASES AND AUTHORITIES........................... iii

STATEMENT OF THE CASE AND FACTS........................... 1

STATEMENT OF THE ISSUE................................... 3

STANDARD OF REVIEW....................................... 4

SUMMARY OF THE ARGUMENT.................................. 5

ARGUMENT................................................. 7

The Trial Court Did Not Abuse Its Discretion In Summarily
Dismissing Tate's Alabama Rules of Criminal Procedure
Rule 32 Petition......................................... 7

CONCLUSION.............................................. 14

CERTIFICATE OF SERVICE.................................. 15

14

# TABLE OF CASES AND AUTHORITIES

## Cases

Arthur v. State, 820 So. 2d 886, 889 (Ala. Crim.
  App. 2001) ......................................... 13

Ex parte Baker, 667 So. 2d 50, 51 (Ala. 1995)........... 13

Ex parte Seymour, No. 1050597, 2006 WL 1793747
  (Ala. Jun. 30, 2006) ............................... 10

Ex parte Seymour, No. 1050597, 2006 WL 1793747
  at *3 (Ala. Jun. 30, 2006) ......................... 11

Kirby v. State, 652 So. 2d 797, 798 (Ala. Crim.
  App. 1994) ......................................... 14

United States v. Cotton, 535 U.S. 625, 630-31,
  122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) ............. 11

Wallace v. State, [Ms. CR-05-0351] 2006
  WL 2788969 (Ala. Crim. App. Sep. 29, 2006) ......... 13

Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754,
  755 (1911) ......................................... 11

## Other Authorities

Ala. Code 1975,

  § 12-11-30 ......................................... 11

  § 13A-11-61(b) ..................................... 11

  § 13A-7-6(c) ....................................... 11


Ala. Const.1901,

  Amend. No. 328, § 6.04(b), ......................... 11


Black's Law Dictionary 867

  (8th ed.2004) ...................................... 10

15

**Rules**

<u>Ala. R. Cr. P.</u>

Rule 32.1 ......................................... 12

Rule 32.1(e) ................................. 14, 15

Rules 32.2(a)(3) and 32.2(a)(5) ........................ 13

Rule 32.2(c) ..................................... 12

Rule 32.3 ......................................... 13

Rule 32.6(b) ..................................... 13

16

## STATEMENT OF THE CASE AND FACTS

Marcus Orlanda Tate appeals from the January 26, 2007, denial of his Rule 32 petition by the Clarke County Circuit Court, the Honorable James T. Baxter, presiding, challenging his second degree burglary conviction.  (C. 1)

Tate's Rule 32 petition was filed with the circuit clerk of Clarke County on November 15, 2006.  (C. 16-24) Tate claimed that his sentence of life in prison was directly due to coerced confessions of his two co-defendants, that the Clarke County Circuit Court was without jurisdiction to impose a life sentence, newly discovered evidence existed that required the Clarke County Circuit Court to "vacate[] and abolish" his life sentence, that his indictment was defective and void as he did not "comprehend what he was charge[d] with," his attorney waived his preliminary hearing without his consent, and that he was rendered ineffective assistance of counsel by his counsel's "failure to object under the State of Alabama Constitution 6th, 5th, 8th, 9th, [and] 13th amendments." (C. 18)

The State, through the Clarke County District Attorney's Office, filed a response to Tate's claims,

asserting Tate's claims were non-jurisdictional and, as such, were precluded (1) as untimely under Alabama Rules of Criminal Procedure Rule 32.2(c); and (2) not sufficiently specific, offering no specific facts or evidence which supported his allegations pursuant to Alabama Rules of Criminal Procedure Rule 32.6.  (C. 25-28)

On January 26, 2007, the Clarke County Circuit court summarily dismissed Tate's Rule 32 petition, stating that his claims were precluded as untimely, pursuant to Alabama Rules of Criminal Procedure 32.2(c) and failed to sufficiently plead his claim under Alabama Rules of Criminal Procedure Rule 32.6.  (C. 29-30)

This appeal follows.

2

## STATEMENT OF THE ISSUE

Did the trial court abuse its discretion in dismissing Tate's Alabama Rules of Criminal Procedure Rule 32 petition?

## STANDARD OF REVIEW

A petitioner in a Rule 32 proceeding has the burden of pleading and proving his allegations. Eddins v. State, 581 So. 2d 574 (Ala. Crim. App. 1991); Ala. R. Crim. P. Rule 32.3. The standard applied by this court when reviewing the denial of a Rule 32 petition that alleges newly discovered evidence is whether the court abused its discretion in denying the petition. Taylor v. State, 97 So. 2d 802 (Ala. 1957); Miles v. State, 624 So. 2d 700 (Ala. Crim. App. 1993); Elliott v. State, 601 So. 2d 1118 (Ala. Crim. App. 1992). The trial court's judgment is reviewed only for an abuse of discretion, and will be affirmed if correct for any reason. Grady v. State, 831 So. 2d 646, 648 (Ala. Crim. App. 2001), citing Reed v. State, 748 So. 2d 231, 233 (Ala. Crim. App. 1999). It is not an abuse of discretion to deny a petition that is filed beyond the statute of limitation and raises no jurisdictional grounds. Rule 32.(c); Arthur v. State, 820 So. 2d 886, 889 (Ala. Crim. App. 2001).

20

4

## SUMMARY OF THE ARGUMENT

Tate contends that the trial court abused its discretion when it summarily dismissed his Rule 32 petition. Tate's claims are precluded.

Essentially, Tate's sole claim, on appeal of the dismissal of this Rule 32 petition, is that the Clarke County Circuit Court was without jurisdiction to render his sentence of life in prison, as he was innocent of the crime upon which he was charged. Tate's Rule 32 argument, however, attacks the substance of the evidence presented against him, and is not a jurisdictional claim of an illegal sentence, as he cites in his brief. Appellant's Brief 5. Therefore, because Tate's claim is non-jurisdictional, it is subject to the Alabama Rules of Criminal Procedure Rule 32 preclusionary bars. As such, Tate's claim is precluded as untimely, could have been raised at trial or on appeal, has not met his burden of proof, is insufficiently pleaded, and has failed to state a claim.

To the extent Tate has relied on "newly discovered evidence" to base his claim, Tate has made no showing that the facts upon which he relies were not known by him or his

2\

5

counsel at the time of trial or sentencing or in time to
file a post-trial motion and could not have been discovered
through the exercise of reasonable diligence.

Therefore, Tate's claim was due to be denied as
precluded and meritless.

ARGUMENT

**The Trial Court Did Not Abuse Its Discretion In Summarily Dismissing Tate's Alabama Rules of Criminal Procedure Rule 32 Petition.**

Tate argues, on appeal, that the trial court erroneously dismissed his Rule 32 petition as he claimed the "district attorney use[d] coerced confession[s] from both C/O [sic] defendants" and therefore was without jurisdiction to render his life in prison sentence. Appellant's Brief 5.  However, Tate's Rule 32 claim, although couched as a jurisdictional claim, is actually an attack on the substance of the evidence presented against him.  Appellant's Brief 5.  Therefore, because Tate's claim is non-jurisdictional, it was subject to the Alabama Rules of Criminal Procedure Rule 32 preclusionary bars.  As such, Tate's claim was precluded as untimely, could have been raised at trial or on appeal, did not meet his burden of proof, was insufficiently pleaded, and failed to state a claim.

The Alabama Supreme Court, in Ex parte Seymour, No. 1050597, 2006 WL 1793747 (Ala. Jun. 30, 2006) held:

> Jurisdiction is "[a] court's power to decide a case or issue a decree."  Black's Law Dictionary 867 (8th ed.2004).  Subject-matter jurisdiction concerns a court's power to decide certain types

7

of cases. Woolf v. McGaugh, 175 Ala. 299, 303, 57
So. 754, 755 (1911) (" 'By jurisdiction over the
subject-matter is meant the nature of the cause of
action and of the relief sought.' " (quoting
Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316,
19 L.Ed. 931 (1870))). That power is derived from
the Alabama Constitution and the Alabama Code.
See United States v. Cotton, 535 U.S. 625, 630-31,
122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)(subject-
matter jurisdiction refers to a court's "statutory
or constitutional power" to adjudicate a case). In
deciding whether Seymour's claim properly
challenges the trial court's subject-matter
jurisdiction, we ask only whether the trial court
had the constitutional and statutory authority to
try the offense with which Seymour was charged and
as to which he has filed his petition for
certiorari review.

Under the Alabama Constitution, a circuit court
"shall exercise general jurisdiction in all cases
except as may be otherwise provided by law."
Amend. No. 328, § 6.04(b), Ala. Const.1901. The
Alabama Code provides that "[t]he circuit court
shall have exclusive original jurisdiction of all
felony prosecutions ····" § 12-11-30, Ala. Code
1975.  The offense of shooting into an occupied
dwelling is a Class B felony.  § 13A-11-61(b),
Ala. Code 1975.  As a result, the State's
prosecution of Seymour for that offense was within
the circuit court's subject-matter jurisdiction,
and a defect in the indictment could not divest
the circuit court of its power to hear the case.

Ex parte Seymour, No. 1050597, 2006 WL 1793747 at *3 (Ala.

Jun. 30, 2006)(emphasis added).  Alabama Code (1975)

Section 13A-7-6(c) provides, "Burglary in the second degree

is a Class B felony." Consequently, "the trial court had

the constitutional and statutory authority to try the

24

offense with which [Tate] was charged." See Ex parte
Seymour, 2006 WL 1793747 at *3. Therefore, the trial court
had jurisdiction to try Tate, and his claim is non-
jurisdictional in nature and subject to the preclusionary
bars of Alabama Rules of Criminal Procedure Rule 32. See
Ala. R. Cr. P. Rule 32.1.

Tate was sentenced on December 12, 1999. Tate filed a
direct appeal of his conviction, which was affirmed and a
certificate of judgment was issued on July 11, 2000.
Alabama Rules of Criminal Procedure Rule 32.2(c) then
provides for a one-year period of time to timely file an
Alabama Rules of Criminal Procedure Rule 32 petition. The
time for Tate to timely file a Rule 32 petition raising his
non-jurisdictional claims, therefore, expired on July 11,
2001. Tate's petition was filed on November 15, 2006,
which was beyond that applicable time period. Accordingly,
since his claims were not jurisdictional, Tate's claims
were subject to the preclusionary bar of Rule 32.2(c) as
untimely filed. See Alabama Rules of Criminal Procedure
Rule 32.2(c). When a Rule 32 petition is subject to the
statute of limitations, it should be procedurally barred
for that reason. Ex parte Baker, 667 So. 2d 50, 51 (Ala.

25

9

1995); Arthur v. State, 820 So. 2d 886, 889 (Ala. Crim. App. 2001).

Tate's claim, as a non-jurisdictional claim, is also subject to the preclusionary grounds of Alabama Rules of Criminal Procedure Rules 32.2(a)(3) and 32.2(a)(5) -- the claim could have been raised at trial or upon appeal. See Wallace v. State, [Ms. CR-05-0351] 2006 WL 2788969 (Ala. Crim. App. Sep. 29, 2006)( "Because this claim is not jurisdictional, it is precluded…by Rules 32.3(a)(3) and (5), Ala. R. Crim. P., because the claim could have been, but was not, raised at trial and on appeal.")  Since Tate did not raise this issue at trial or upon direct appeal, he was precluded from raising these claims.

Alabama Rules of Criminal Procedure Rule 32.3 states that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief."  Rule 32.6(b), states that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall

26

not be sufficient to warrant any further proceedings." Tate has failed to plead facts sufficient to entitle him to relief. He has also failed to include a clear and specific statement under which relief was sought.

To the extent Tate relies on the grounds of "newly discovered evidence" in the form of "coerced confession from both c/o defendants," that their testimony was false, this Court has consistently held that, "[t]he standard applied by this court when reviewing the denial of a Rule 32 petition that alleges newly discovered evidence is whether the court abused its discretion in denying the petition. <u>Taylor v. State</u>, 97 So. 2d 802 (Ala. 1957); <u>Miles v. State</u>, 624 So. 2d 700 (Ala. Cr[im]. App. 1993); <u>Elliott v. State</u>, 601 So. 2d 1118 (Ala. Cr[im]. App. 1992)." <u>Kirby v. State</u>, 652 So. 2d 797, 798 (Ala. Crim. App. 1994).

Alabama Rules of Criminal Procedure Rule 32.1(e) provides that, in order to properly assert a claim of "newly discovered evidence," Tate must show that the facts he relied upon,

> (1) … <u>were not known by [Tate] or [his] counsel at the time of trial or sentencing or in time to file a posttrial motion pursuant to Rule 24 … and could not have been discovered by any of those</u>

27

11

times through the exercise of reasonable
diligence;

(2)  The facts are not merely cumulative to other
facts that were known;

(3)  The facts do not merely amount to impeachment
evidence;

(4)  If the facts had been known at the time of
trial or of sentencing, the result probably would
have been different; and,

(5)  The facts establish that the petitioner is
innocent of the crime for which the petitioner was
convicted or should not have received the sentence
that the petitioner received.

Ala. R. Cr. P. Rule 32.1(e)(emphasis added).  Tate has not

asserted that the "coerced" testimony from his co-

defendants was "not known by [Tate] or [his] counsel at the

*Transcript pg #225*

time of trial *and Transcript 225* or sentencing" or in time to file a posttrial

motion pursuant to Rule 24 … and could not have been

discovered by any of those times through the exercise of

reasonable diligence."  Ala. R. Cr. P. Rule 32.1(e).

Additionally, this Court has also held that, when "'a

witness who has testified at a trial makes an affidavit

that such testimony is false, little credence ordinarily

can be placed in the affidavit.'  King v. State, 574 So. 2d

921, 925 (Ala. Crim. App. 1990), quoting People v.

McGraughran, 197 Cal. App. 2d 6, 17 (1961)"  Kirby v.

29

12

<u>State</u>, 652 So. 2d 798.  Therefore, it is clear that Tate has not properly raised a claim of "newly discovered evidence" and that the trial court did not abuse its discretion in its denial of Tate's Rule 32 claims.

28

**CONCLUSION**

Therefore, for the foregoing reasons, the trial court's judgment is due to be affirmed.

Respectfully submitted,

Troy King
Attorney General

Marc A. Starrett
Assistant Attorney General
By-

Marc S. Bass (BAS 020)
Assistant Attorney General

14

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th of March, 2007, I did serve a copy of the foregoing, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

    Marcus Orlanda Tate
    AIS# 180664
    3800 GK Fountain Correctional Facility
    Atmore, Alabama 36503

                    Marc S. Bass
                    Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300

 249695

31

COURT OF CRIMINAL APPEALS NO._____

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

## FROM

CIRCUIT COURT OF _____CLARKE_____ COUNTY, ALABAMA

CIRCUIT COURT NO.  CC-1999-169.61

CIRCUIT JUDGE  JAMES T BAXTER

Type of Conviction / Order Appealed From:  RULE 32 PETITION

Sentence Imposed:  RULE 32 PETITION DENIED

Defendant Indigent:  [X] YES   [ ] NO

MARCUS ORLANDA TATE   AIS # 180664

_____
NAME OF APPELLANT

J-1-79-B
(Appellant's Attorney)                    (Telephone No.)
3800 GK FOUNTAIN
(Address)
ATMORE, AL   36503
(City)              (State)            (Zip Code)

V.

STATE OF ALABAMA

_____
NAME OF APPELLEE

(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____
_____

(For Court of Criminal Appeals Use Only)

Exhibit
"B"
CRIMINAL COURT
APPEALS CRA AVENUE
300 DEXTER AVENUE
Montgomery A la
BRIEF
32

# INDEX

                                                            PAGE NUMBER

ORGANIZATION OF COURT ....................................................................1

CASE ACTION SUMMARY ....................................................................2-3

RULE 32 PETITION ..........................................................................4-12

IN FORMA PAUPERIS DECLARATION ...................................................13-15

TABLE OF CONTENTS...........................................................................16-23

AFFIDAVIT AGREEMENT NOTICES......................................................24

STATE'S RESPONSE ..............................................................................25-28

ORDER...................................................................................................29-30

NOTICE OF APPEAL..............................................................................31-35

MOTION FOR SENTENCE MODIFICATION ...........................................36

PURSUANT OBJECTION TO CIRCUIT JUDGE DENIAL OF POST
CONVICTION OF RULE 32 MOTION FOR RELIEF...............................37-38

WRIT OF MANDAMUS PETITION ..........................................................39-43

CERTIFICATE OF COMPLETION AND TRANSMITTAL OF RECORD
ON APPEAL BY TRIAL CLERK ..............................................................44

00001

STATE OF ALABAMA

VS.                                         CASE NO. CC-1999-169.61

MARCUS ORLANDA TATE

ORGANIZATION OF COURT

RULE 32 FILED              11/15/2006

STATE'S RESPONSE          01/26/2007

RULE 32 DENIED            01/26/2007

NOTICE OF APPEAL          01/25/2007

CIRCUIT JUDGE             JAMES T BAXTER

COURT REPORTER           STEVE BRADLEY

34

```
ACRO370           ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1999 000169.61
OPP.  ANP                 CASE ACTION SUMMARY
PA    1                   CIRCUIT   CRIMINAL                RUN DATE: 03/08/2007
===============================================================================
IN THE CIRCUIT COURT OF   CLARKE                                    JUDGE: JTB
STATE  OF  ALABAMA              VS       TATE MARCUS ORLANDA #1806
CASE: CC 1999 000169.61                  3800 GK FOUNTAIN CORRECTI

                                         ATMORE, AL  36503 0000

DOB: 06/07/1975        SEX: M  RACE: B  HT: 5 08  WT: 200   HR: BLK EYES: BRO
SSN: 424963939  ALIAS NAMES:
===============================================================================
CHARGE01: RULE 32-FELONY       CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER: 0160000

DATE WAR/CAP ISS:                    DATE ARRESTED:
DATE     INDICTED:                   DATE     FILED: 11/15/2006
DATE     RELEASED:                   DATE   HEARING:
         BOND AMOUNT:       $.00          SURETIES:

DATE 1:            DESC:                    TIME: 0000
DATE 2:            DESC:                    TIME: 0000

TRACKING NOS: CC 1999 000169 00  /                      /

   DEF/ATY:                        TYPE:                      TYPE:

                    00000                        00000

PROSECUTOR: WALKER SPENCER BRENT


===============================================================================
OTH CSE: CC199900016900 CHK/TICKET NO:                    GRAND JURY:
COURT REPORTER:              SID NO:       000000000
DEF STATUS: PRISON           DEMAND:                        OPER: RDG
===============================================================================
TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                            OPE
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | | OPE |
|---|---|---|---|
| 11/15/2006 | ASSIGNED TO: (JTB) JAMES T BAXTER | (AR01) | RDF |
| 11/15/2006 | CHARGE 01: RULE 32-FELONY/#CNTS: 001 | (AR01) | RDF |
| 11/15/2006 | INITIAL STATUS SET TO: "P" - PRISON | (AR01) | RDF |
| 11/15/2006 | FILED ON: 11/15/2006 | (AR01) | RDF |
| 11/15/2006 | CASE ACTION SUMMARY PRINTED | (AR08) | RDF |
| 11/20/2006 | DEFT FILES AFFIDAVIT AGREEMENT NOTICES | | ALB |
| 12/12/2006 | ADDR1 CHANGED FROM: STATON CORRECTIONAL CENT | (AR01) | ALB |
| 12/12/2006 | HOME CITY CHANGED FROM: ELMORE | (AR01) | ALB |
| 12/12/2006 | ADDR2 CHANGED FROM: P O BOX 56 ---- D32T | (AR01) | ALB |
| 01/26/2007 | STATE'S RESPONSE FILED | | RDF |
| 01/26/2007 | JUDGE'S ORDER FILED | | RDF |
| 01/26/2007 | DISPOSITION JUDGE ID CHANGED FROM:     TO: JTB | | RDF |
| 01/26/2007 | CHARGE 01 DISPOSED BY: PET DENIED ON: 01/26/2007 | | RDF |
| 01/26/2007 | CHARGE 01: RULE 32-FELONY/#CNTS: 001 | (AR10) | RDF |
| 01/29/2007 | APPEAL DATE CHANGED FROM: 00/00/0000 | (AR11) | ANP |
| 01/29/2007 | PROSECUTOR CHANGED FROM: | (AR11) | ANP |
| 01/29/2007 | ATYW TYPE CHANGED FROM: | (AR11) | ANP |

35

```
ACRO370                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1999 000169.61
OPE:   ANP                     CASE ACTION SUMMARY
PAG    2                       CIRCUIT    CRIMINAL              RUN DATE: 03/08/2007
============================================================================================
IN THE CIRCUIT COURT OF    CLARKE                                            JUDGE: JTB
STATE  OF  ALABAMA                    VS       TATE MARCUS ORLANDA #1806
CASE: CC 1999 000169.61                        3800 GK FOUNTAIN CORRECTI

                                               ATMORE, AL  36503 0000

DOB: 06/07/1975            SEX: M  RACE: B  HT: 5 08  WT: 200   HR: BLK EYES: BRO
SSN: 424963939  ALIAS NAMES:
============================================================================================
 TRANS DATE |   ACTIONS, JUDGEMENTS, AND NOTES                                        OPE
============================================================================================
 01/29/2007 | INDTRL TYPE CHANGED FROM:                            (AR11)            ANP
 01/29/2007 | IRA TYPE CHANGED FROM:                               (AR11)            ANP
 01/29/2007 | APPEAL TYPE CHANGED FROM:                            (AR11)            ANP
 02/05/2007 | DEFT FILED PURSUANT OBJECTION TO CIRCUIT JUDGE                         RDG
 02/05/2007 | DENIAL OF RULE 32 PETITION                                             RDG
 02/05/2007 | MOTION FOR SENTENCE MODIFICATION FILED BY DEFT                         RDG
 03/08/2007 | DEFT FILED WRIT OF MANDAMUS PETITION                                   RDG
 03/08/2007 | CASE ACTION SUMMARY PRINTED                          (AR08)            ANP
```

36

```
ACRO370                    ALABAMA JUDICIAL INFORMATION SYSTEM       CASE: CC 1999 000169.61
OPER: RDF                        CASE ACTION SUMMARY
PA    1                         CIRCUIT   CRIMINAL                   RUN DATE: 11/15/2006
IN THE CIRCUIT COURT OF    CLARKE
                                                                    JUDGE: JTB
STATE OF ALABAMA                      VS      TATE MARCUS ORLANDA #1806
CASE: CC 1999 000169.61                       STATON CORRECTIONAL CENTE
                                              P O BOX 56 ----- D32T
                                              ELMORE, AL  36025 0000
DOB: 06/07/1975            SEX: M  RACE: B  HT: 5 08  WT: 200   HR: BLK EYES: BRO
SSN: 424963939  ALIAS NAMES:
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER: 0160000
DATE WAR/CAP ISS:
DATE     INDICTED:                     DATE ARRESTED:
DATE     RELEASED:                     DATE     FILED: 11/15/2006
     BOND AMOUNT:         $.00         DATE   HEARING:
                                           SURETIES:
DATE 1:            DESC:
DATE 2:            DESC:                    TIME: 0000
                                           TIME: 0000
TRACKING NOS: CC 1999 000169 00  /                        /
  DEF/ATY:
                                       TYPE:                        TYPE:

                       00000                              00000
PROSECUTOR: WALKER SPENCER BRENT
================================================================================
OTH CSE: CC199900016900 CHK/TICKET NO:
COURT REPORTER:                   SID NO:            GRAND JURY:
DEF STATUS: PRISON               DEMAND:   000000000
                                                                OPER: RDF
    NS DATE     ACTIONS, JUDGEMENTS, AND NOTES                              OPE
 11/15/2006 | ASSIGNED TO: (JTB) JAMES T BAXTER          (AR01)
 11/15/2006 | CHARGE 01: RULE 32-FELONY/#CNTS: 001       (AR01)      RDF
 11/15/2006 | INITIAL STATUS SET TO: "P" - PRISON        (AR01)      RDF
 11/15/2006 | FILED ON: 11/15/2006                       (AR01)      RDF
 11/15/2006 | CASE ACTION SUMMARY PRINTED                (AR08)      RDF
------------|-------------------------------------------------------
------------|-------------------------------------------------------
------------|-------------------------------------------------------
------------|-------------------------------------------------------
------------|-------------------------------------------------------
------------|-------------------------------------------------------
------------|-------------------------------------------------------
------------|-------------------------------------------------------
------------|-------------------------------------------------------
------------|-------------------------------------------------------
------------|-------------------------------------------------------
```

38



# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

00004

### (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

**Case Number**

CC ___ . 99 ___ 169 ___
ID    YR    NUMBER

IN THE ___CIRCUIT___ COURT OF ___GROVE HILL___ ALABAMA

MARCUS TATE AIS# 180664 ___ vs. DISTRICT ATTORNEY ROBERT KEAHEY ___

Petitioner (Full Name)        Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number ___180664___ Place of Confinement ___ADOC___

County of conviction ___CLARKE___

### NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY
### THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction
   or sentence under attack ___GROVE HILL ALABAMA   CLARKE COUNTY___

2. Date of judgment of conviction ___NOVEREMBER 2nd/1999___

3. Length of sentence ___LIFE SENTENCE/WITHOUT  JURISDICTION___

4. Nature of offense involved (all counts) ___BUGLARY 2nd Degree___
   FACTS: BOTH C/O DEFENDANTS WITNESS WILL STATE  I NEVER COMM ITTED
   NO BUGLARY MAY 12/1998 and they was MADE TO COMMITT PERJURY I N
   TRIAL BY ROBERT KEAHEY AND SHERIFF OFFICER LARRY COLSTON etal

5. What was your plea?  (Check one)
   (a) Guilty _____
   (b) Not guilty ___X___ AND PLEAD THE 5th AMENDMENT
   (c) Not guilty by reason of mental disease or defect _____
   (d) Not guilty and not guilty by reason of mental disease or defect _____



6. Kind of trial: (Check one)

   (a)  Jury   X              (b)  Judge only _____

7. Did you testify at the trial?

   Yes _____       No __ X PLEAD THE FIFTH AMENDMENT

8. Did you appeal from the judgment of conviction?

   Yes _X_            No _____

9. If you did appeal, answer the following:

   (a)  As to the state court to which you first appealed, give the following information:

       (1)  Name of court  ALABAMA CRIMINAL COURT APPEAL

       (2)  Result  DENIED APPEAL GROUNDS BY MICHAEL W. ARSTEAD

       (3)  Date of result  2002

   (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

       (1)  Name of court  NO OTHER COURT NO APPEAL

       (2)  Result  N/A

       (3)  Date of result _____

   (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

       (1)  Name of court _____

       (2)  Result _____

       (3)  Date of result _____



10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____        No __X__

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)   (1)  Name of court ___ NO COURT _____

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

N/A

Yes _____        No _____

(5)  Result _____

(6)  Date of result _____

(b)  As to any second petition, application, or motion, give the same information:

(1)  Name of court ___ NO COURT _____

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____        No __ N/A __

(5)  Result _____

(6)  Date of result _____

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

40

(1)  Name of court ___ NO COURT _____

3

(2)  Nature of proceeding ___ N/A _____ )

00007

(3)  Grounds raised ___ N/A _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _X_

(5)  Result _____

(6)  Date of result _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _____          No _X_

(2)  Second petition, etc.          Yes _____          No _X_

(2)  Third petition, etc.          Yes _____          No _X_

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____ MY LAWYER TOLD ME NOT TOO CAUSE  I DON"T HAVE NO RIGHCT _____

_____ TO APPEAL AFTER MY JURY TRIAL BY ORAL STATEMENT HE MADE _____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

A2)    A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

41

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

00008

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

**If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.**

X    B.    **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C.    **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D.    **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

X    E.    **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

5

**The facts do not merely amount to impeachment evidence; and**

00009

**If the facts had been known at the time of trial or sentencing, the result would probably have been different; and**

**The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F.    **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.    **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> **"Successive Petitions**. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.    Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____            No _X_

B.    If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)   Name of court _____ NONE _____

(b)   Result _____

(c)   Date of result _____ NONE _____
(attach additional sheets if necessary)

C.    If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____            No _X_

43

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing ___ATTORNEY WAIVED PRELIMINARY ILLEGALLY

___WITHOUT DEFENDANT CONSENT OF BEEN PRESENT AT COURT

(b) At arraignment and plea ___ATTORNEY WAIVED ARRAIGNMENT ILLEGALLY

(c) At trial ___BEN KELLY P.O. BOX 188 JACKSON ALABAMA 36545

(d) At sentencing ___ATTORNEY BEN KELLY ABOVE

(e) On appeal ___MICHAEL WAYNE ARMISTEAD

(f) In any post-conviction proceeding ___NO POSTCONVICTION PROCEEDING

(g) On appeal from adverse ruling in a post-conviction proceeding ___N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____     No __X___

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____     No __X___

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
___N/A___

(b) And give date and length of sentence to be served in the future: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _N/A_     No _____

18. What date is this petition being mailed?
___NOVERENBER 13/2006___

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

44

7

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___*Nov 12 2006*___.
(Date)

_____ 180664
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _12th_ day of _November_, _2006_

_____
Notary Public

## OR *

# ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on ___*Nov 12 2006*___
(Date)

_____ 180664
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the ____ day of _____, ____

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_Marcus O. Tate 180664_
_STATON Correctional_
_P.O. Box 56_
_Elmore Ala. 36025_

45

_Marcus O. Tate_

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the

00018

## INMATE REQUEST SLIP

Name _Marcus Tate_ Quarters _D-3-_ Date _11-13-06_

AIS # _180664_

( ) Telephone Call          ( ) Custody Change          ( ) Personal Problem
( ) Special Visit           ( ) Time Sheet              (X) Other _6 Month PMOD_

Briefly Outline Your Request - <u>Then Drop In Mail Box</u>

I'am Requesting for
A 6 months PMOD
Attached and Attached
documents filled out

<u>Do Not Write Below This Line</u> - **For Reply Only**

| Approved | Denied | Pay Phone | Collect Call |

Request Directed To: (Check One)

( ) Warden                    ( ) Deputy Warden          ( ) Captain
( ) Classification Supervisor ( ) Legal Officer - Notary ( ) Record Office
                                  Public

N176



00013

Case Number

CC __99__ _169-M_
ID   YR   NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

_In the Circuit Court of Clarke County_
[Insert appropriate court]

_Marcus TATE or Taite_
(Petitioner)

vs.

_STATE OF Alabama_
(Respondent(s)

1-26-07
Granted
____, Judge

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, _Marcus O. Tate_ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No _X_

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____N/A_____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _____N/A_____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

   Yes _____        No _X_

   b. Rent payments, interest, or dividends?

   Yes _____        No _X_

   c. Pensions, annuities, or life insurance payments?

   Yes _____        No _X_

   d. Gifts or inheritances?

   Yes _____        No _X_

   e. Any other sources?

   Yes _____        No _X_

2

47

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____ *N/A* _____

3. Do you own cash, or do you have money in a checking or savings account?

   Yes _____        No __X__

   (Include any funds in prison accounts.)

   If the answer is "yes", state the total value of the items owned.

_____ *N/A* _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

   Yes _____        No __X__

   If the answer is "yes", describe the property and state its approximate value.

_____ *N/A* _____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____ *N/A* _____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on ___*November 13th 2006*___
                     (Date)

                                      *Marcus O. Tate*
                                      Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ ___*0.24*___ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said ___*Staton C.F.*___ institution:

_____*See attached*_____

___*11/13/02*___
DATE

                              AUTHORIZED OFFICER OF INSTITUTION

Rule 32

3

00015

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
STATON CORRECTIONAL FACILITY

AIS #: 180664    NAME: TAITE, MARCUS    AS OF: 11/13/2006

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| NOV | 17 | $0.00 | $0.00 |
| DEC | 31 | $0.00 | $0.00 |
| JAN | 31 | $0.00 | $0.00 |
| FEB | 28 | $0.00 | $0.00 |
| MAR | 31 | $0.00 | $0.00 |
| APR | 30 | $0.00 | $0.00 |
| MAY | 31 | $171.41 | $530.92 |
| JUN | 30 | $184.05 | $100.00 |
| JUL | 31 | $0.56 | $0.00 |
| AUG | 31 | $0.24 | $0.00 |
| SEP | 30 | $0.24 | $0.00 |
| OCT | 31 | $0.24 | $0.00 |
| NOV | 13 | $0.24 | $0.00 |

49

CNN NEWS SPECIAL INTERVEIW REPORT 2007
PAGE NO.(3).

## TABLE OF   CONTENTS

PAGE NO.

1. BREIF COVER SHEET

2. STATEMENTS OF FACTS

3. JURISDICTION ISSUES RAISING ARE NOT PROCEDURE BARRED

3. EVIDENTIARY HEARING REQUESTED ARCRP 32.9(a)(b)(c)(d)

4. ARGURMENTS

5. ARGURMENTS CONTINUE

6. STATE STRICT PROOF THEREOF

6. SUBPOENA COURT ORDER REQUESTED

7. RELIEF SOUGHT

7. CERTIFICATION OF SERVICE

7. BRIEF RULE 32 NOTARIZED UNDER NOTARY PUBLIC

**CC- COPIES FORWARD
ATTORNEY** GENERAL OFFICE
TROY KING
ALABAMA SUPREME COURT
      CHIEF JUSTICE
   ALABAMA GOVERNOR,S OFFICE
      CHIEF OF STATE etal
      BOB RILEY STAFF TEAM

PAGE NO.            JURISDICTION ISSUES ARGURMENTS

2. VOID DEFECTIVELY INDICTMENT

2. COERCED CONFESSION OF BOTH C/O DEFENDANTS WITNESS TO OBTAIN
PERJURY IN TRIAL NOVEREMBER 2/1999 FOR ILLEGALL CONVICTION
AND SENTENCE ORDER OF LIFE

2. NEWLY DICOVERED EVIDENCE EXIST

2. INEFFECTIVELY ASSISTANCE OF TRIAL COURT COUNSEL

2. STATE  WITHOUT JURISDICTION TO IMPOSE CONVICTION

PAGE NO.
ALABAMA STATUTES CITING

2. ARCRP 13.1 (a)(b)(c) and TITLE CODE 15-8-25

3. ARCRP 32.9(a)(b)(c)(d)

4. ARCRP 13.2(a)(b)(c) and TITLE CODE 15-8-25

4. ARCRP 5.1(a) RIGHT TO A PRELIMINARY HEARING

5. ALABAMA CONSTITUTION VIOLATIONS OF DEFENDANT
4th,5th,6th,8th,9th,13th,14th  AND DUE PROCEES OF LAWS

(A)

00017

IN THE CIRCUIT COURT OF CLARKE COUNTY

1st JUDICIAL CIRCUIT OF ALABAMA

MARCUS  TATE                    *

    APPELLANT

VS.                                           CC-99-169-M
                                *             CR-99-0781
STATE OF ALABAMA
    APPELLEE                          C/O DEFENDANTS WITNESS
                                *
                                              (A).LORENZO SMITH
                                              (B).NAKIA McCASKEY
                                *

[BRIEF]

POST CONVICTION
RULE 32 PURSUANT

MARCUS TATE    /OR/ DRELIJAH J. MUHAMMAD IIND
AIS# 180664
334-567-2221
P.O. BOX 56
ELMORE ALABAMA 36025

APPEALING/ NOVEREMBER - 13th-2006

SEVERING LIFE

SENTENCE NOVEREMBER 2nd/1999

51

(1)

00018

## STATEMENTS OF FACTS

### [ARGURMENTS]

(A). THE CONSTITUTION OF THE UNITED STATES OR OF THE STATE OF ALABAMA REQUIRES A NEW TRIAL, A NEW SENTENCE PROCEEDING, OR OTHER RELIEF

### [COERCED CONFESSION]

(B). CONVICTION OF LIFE SENTENCE ATTAINED BY USE OF COERCED CONFESSION BY THE STATE OF ALABAMA DISTRICT ROBERT KEAHEY AND SHERIFF OFFICER LARRY COLSTON COERCED BOTH C/O DEFENDANTS WITNESS LORENZO SMITH AND NAKIA McCASKEY

FACTS: TRANSCRIPT RECORDS OF COURT CC-99-169-M

### ILLEGALLY JURISDICTION

(C). THE CLARKE COUNTY CIRCUIT COURT WAS WITHOUT JURISDICTION AND STATE OF ALABAMA DISTRICT ATTORNEY ROBERT KEAHEY TO RENDER THE JUDGMENT OR TO IMPOSE THE CONVICTION AND SENTENCE OF LIFE IN CASE CC-99-169-M

### [NEWLY DISCOVERED EVIDENCE]

(D). NEWLY DICOVERED EVIDENCE EXIST TO REQUIRES THE STATE OF ALABAMA CLARKE COUNTY CIRCUIT TO VACATED LIFE AND ABOLISH THE CONVICTION FOLLOWING EVIDENCE TO WIT.

### DEFECTIVELY INDICTMENT

(1). INDICTMENT WAS DEFECTIVELY AND VOID  FAILURE TO HAVE THE LAUNAGE TO MAKE DEFENDANT TO COMPREHEND WHAT HE WAS CHARGE WITH PURSUANT ARCRP 13.(a)(b)(c) AND TITLE CODE OF ALABAMA 1975  15-8-25

### WAVIED PRELIMINARY HEARING ILLEGAL

(2) PRELIMINARY HEARING PURSUANT ARCRP 5.1(a) THE ATTORNEY WAVIED DEFENDANT PRELIMINARY HEARING WITHOUT [CONSENT] OF DEFENDANT BEENING PRESENT AT CLARKE COUNTY CIRCUIT COURT

FACTS: SEE COURT FILES CASE ACTION SUMMARY SHEET

### COUNSEL WAS INEFFECTIVE ASSISSTANCE

(E). BEN KELLY WAS INEFFECTIVE ASSISSITANCE FOR FAILURE TO OBJECT UNDER THE STATE OF ALABAMA CONSTITUTION AMENDMENT 6th. 5th. 8th. 9th. 14th, 13th AMENDMENTS

(2).

AFFIDAVIT STATEMENTS OF BOTH C/O DEFENDANTS WITNESS

DEFENDANT
JURISDICTION ISSUES OF ALABAMA

(F). THE DEFENDANT IS ONLY RAISING JURISDICTION ISSUES IN
THIS RULE 32 POST CONVICTION AND CAN NOT BE PROCEDURE
BARRED FORM NO COURT OF CLARKE COUNTY

(6). HOWEVER THE STATE OF ALABAMA MADE THREATEN BOTH C/O
DEFENDANTS WITNESS LORENZO SMITH AND NAKIA McCASKEY

MALICE TO COMMITT PERJURY IN CASE NO. CC-99-169-M

TO OBTAIN THIS ILLEGALLY CONVICTION AND SENTENCE OF
LIFE UPON DEFENDANT MARCUS TATE

FACTS:  SEE STATEMENT OF ATTORNEY BEN KELLY IN TRANSCRIPT
RECORDS

STATED:  NAKIA McCASKEY  DO YOU HAVE ANY KNOWLEDGE OF THIS CAS
E] OTHER THAN WHAT YOU AND MR. SMITH WAS TOLD
BY DISTRICT ATTORNEY ROBERT KEAHEY AND SHERIFF OFFICE
R] LARRY COLSTON DOWN STAIR NOVEREMBER 2nd 1999

[ EVIDENTIARY HEARING REQUESTED]

(H). THE DEFENDANT REQUEST FOR EVIDENTIARY HEARING UNDER
ARCRP 32.9(a)(b)(c)(d)

TO RESOLVE THIS CASE AS SOON AS POSSIBLE FOR CIVIL TRIAL
PROCEEDING AND CNN NEWS 2007 SPECIAL REPORT INTERVEIW
ATLANTA GA

(1). CRIMINAL CHARGES BY THE STATE UPON D.A. ROBERT KEAHEY

(2). 1st DEGREE KIDNAPPING  13A-  18.USCS 1201

(3). 1st DEGREE PERJURY      13A

(4). TAMPERING WITH WITNESS TO OBTAIN PERJURY FOR AN ILLEGALLY
CONVICTION

(5). DESTRUCTION OF ALABAMA JUSTICE BY ABUSING THE POWER
OF ALABAMA JUDICIAL SYSTEM ILLEGALLY 13A

53

(3)

## ARGURMENTS OF DEFENDANT

(I). THE STATE OF ALABAMA CIRCUIT COURT LACKS JURISDICTION
OVER DEFENDANT MARCUS TATE IN CASE NO. CC-99-169-M

FOLLOWING REASON AND RESOURCES.

(1). NEWLY DICOVERED EVIDENCE EXIST SEE TRANSCRIPT RECORDS
(ex.A)

(2). THE INDICTMENT WAS DEFECTIVELY AND VOID AND WHEREFORE THE
CLARKE COUNTY CIRCUIT COURT WAS WITHOUT JURISDICTION
TO RENDER CONVICTION AND SENTENCE UNDER ARCRP 13.2(a)(b)
(c)  AND   ARCRP 13.(1)(a)(b)(c)

[THE INDICTMENT JUST STATED BUGLARY 2nd DEGREE]
FACTS: SEE [ex.A] INDICTMENT COURT FILES

AND PURSUANT TITLE CODE OF ALABAMA 1975  15-8-25

AN  INDICTMENT MUST STATE THE FACTS CONSTITUTING THE OFFENSE
IN ORDINARY AND CONCISE LANGUAGE,WITHOUT PROLIXITY OR
REPETITION, IN SUCH A MANNER AS TO ENABLE A PERSON OF COMMON
UNDERSTANDING TO KNOW WHAT IS INTENDED AND WITH THAT DEGREE
OF CERTAINTY WHICH WILL ENABLE THE CLARKE COUNTY CIRCUIT
COURT, ON CONVICTION, TO PRONOUNCE THE PROPER JUDGMENT .
IN NO CASE ARE THE WORDS"FORCE OF ARMS" OR CONTARY TO THE
FORM OF THE STATUTE" NECESSARY

FACTS SEE CASE
(II). ACTION SUMMARY   PRELIMINARY HEARING

WHEREFORE THE ATTORNEY BEN KELLY WAS INEFFECTIVELY
ASSISSTANCE OF COUNSEL FOR WAVING THE DEFENDANT
MARCUS TATE PRELIMINARY HEARING ILLEGALLY WITHOUT PROPERLY
[CONSENT]  OR OF DEFENDANT BEENING PRESENTLY AT CLARKE
COUNTY CIRCUIT COURT PURSUANT ARCRP 5.1.(a)

FACTS: STATED[RIGHT TO PRELIMINARY HEARING

A DEFENDANT CHARGED BY THE COMPLAINT WITH THE COMMISSION
OF A FELONY MAY, WITHIN THIRTY(30) DAYS OF ARREST,DEMAND A
PRELIMINARY HEARING. IF DEMANDED, THE PRELIMINARY HEARING
SHALL COMMENCE IN THE DISTRICT COURT OF CLARKE COUNTY
WITHIN TWENTY-ONE (21) DAYS FOLLOWING THE DEMAND FOR
PRELIMINARY HEARING UNLESS THE COMPLANIT WAS DISMISSED

## COERCED CONFESSION OBTAINED

54

(III). THE STATE DISTRICT ATTORNEY ROBERT KEAHEY WAS WITHOUT
JURISDICTION TO USE ILLEGALLY  FORCED COERCED CONFESSION
OF LORENZO SMITH AND NAKIA McCASKEY TO OBTAIN AN ILEGAL
CONVICTION AND SENTENCE ON MARCUS TATE NOVERMBER 2/1999

ARGURMENTS CONTINUE

**(L).**      ALABAMA CONSTITUTION VIOLATIONS

STATEMENT: THE STATE OF ALABAMA DISTRICT ATTORNEY ROBERT
          KEAHEY ABUSED ITS DISTRESSIONAL POWER ILLEGAL
          AND VIOLATED MANY DEFENDANT ALABAMA CONSTITUTION
          AMENDMENT OF CIVIL RIGHTS UNDER ESTABLISHMENT
          GUARANTEE UNDER 1901.

### RIGHT TO A FAIR TRIAL

**(M).** THE DEFENDANT MARCUS TATE DID NOT HAVE A RIGHT TO A FAIR
        TRIAL BY USE OF COERCED CONFESSION BY THE STATE OF ALABAMA
        DISTRICT ATTORNEY ROBERT KEAHEY etal
          PURSUANT 5th,6th,4th, 8th,9th, 13th,14th

          (1). NEITHER SLAVRY NOR INVOLUNTARY SERVITUDE,EXCEPT
               AS A PUNISHMENT FOR CRIME WHEROF THE PARTY SHALL
               HAVE BEEN DULY CONVICTED, SHALL EXIST WITHIN THE
               UNITED STATES, OR ANY PLACE SUBJECT TO THEIR
               JURISDICTION

### RIGHTS TO EQUAL PROTECTION OF LAWS

(N). THE  DEFENDANT WAS DENIED EQUAL PROTECTION OF LAWS AND
     DUE PROCESS OF LAW BY THE DISTRICT ATTORNEY ROBERT KEAHEY
     NOVEREMBER 2nd 1999
          PURSUANT  5th,6th, 8th,14th AMENDMENTS OF RIGHTS

FACTS: THE STATE USED COERCED CONFESSION AND PERJURY TO OBTAIN
       A ILLEGAL CONVICTION AGAINST THE STATE OF ALABAMA
       CONSTITUTION LAWS

### DUE PROCEES OF LAW

(O). THE DEFENDANT WAS DEPRIVED OUTTA DUE PROCEES OF LAW BY THE
     STATE OF ALABAMA DISTRICT ATTORNEY etal BY IMPOSING A ILLEGAL
     CONVICTION WITHOUT JURISDICTION OF ALABAMA LAWS TO A

     [INNOCENT] CITIZEN MARCUS TATE CASE NO. CC-99-169-M

### CRUEL UNUSUAL PUNISHMENT WAS INFLICTED UPON   THE   DEFENDANT

(P). CRUEL UNUSUAL PUNISHMENT WAS INFILCTED UPON THE DEFENDANT
     BY THE STATE OF ALABAMA DISTRICT ATTORNEY CASTING A ILLEGAL
     CONVICTION AND SENTENCE WITHOUT JURISDICTION

     (1) DEFECTIVELY INDICTMENT (2) WAVING PRELIMINARY HEARING
         ILLEGALLY  (3) COERCED CONFESSION (4) INEFFECTIVELY
         ASSISTANCE OF TRIAL COURT COUNSEL



[ STATE STRICT PROOF]

COURT ORDER REQUESTED SUBPOENA

ISSUED

(Q). THE DEFENDANT MOVE FOR AN COURT ORDER SUBPOENA ISSUED
TO BRING STRICT PROOF THEREOF UNDER ARCRP 32.9(a)(b)(c)(d)

[EVIDENTIARY HEARING]


(R). THE DEFENDANT MAKE MOTION OF THE COURT FOR A SUBPOENA
ISSUED BY SIGNATURE

DONE THIS DAY _13th_ NOV 2006

STATE

**STRICT PROOF**

_Marcus O. Tate_
MARCUS TATE AIS# 180664

(S). THE DEFENDANT ASK THE COURT TO COURT ORDER THE FOLLOWING
PEOPLES THAT WAS IN TRIAL NOVEREMBER 1999

LORENZO SMITH C/O DEFENDANT WITNESS EDWARD MILE SON
334-636-0911 Lower PEACH TREE ALABAMA 36751

NAKIA McCASKEY ROOSEVELT RUSSUEL ROAD LOWER PEACH TREE ALABAM
36751  COUNTY ROUTE 1 OFF TO ROOSEVELT RUSSUEL ROAD

ATTORNEY BEN KELLY P.O. BOX 188 JACKSON ALABAMA 36545
251-246-4440

DISTRICT ATTORNEY ROBERT KEAHEY P.O. BOX 850 GROVE HILL AL

SHERIFF OFFICE LARRY COLSTON WILCOX COUNTY SHERIFF DEPT
CAMDEN ALABAMA ARE THE TASK FORCE DEPT DEA


(T). THE PARTIES ARE NEEDED FOR STRICT PROOF AND QUESTIONS
UNDER THIS POST CONVICTION RULE 32 AND ARCRP 32.9(a)(b)
(c)(d)

DONE THIS DAY _13th_ NOVEREMBER 2006

_Marcus O. Tate_
MARCUS TATE AIS# 180664

56

CC- CLERK
CC- D. A.                )                           )                    00024

## IN THE CLARKE COUNTY DISTRICT ATTORNEY OFFICE
## STATE OF ALABAMA

MARCUS TATE
    DEFENDANT                        *

vs.                                          CC-99-169-M

STATE OF ALABAMA                 *        $1.MILLION DOLLARS
    PLAINTIFF                            [THE MONEY WILL BE USED
                                          TO OPENING A CONSTRUCTION
                                 *         BUSINESS INCORPORATION]

### AFFIDAVIT AGREEMENT
### NOTICES

In,Re: RULE 32 PENDING

DISTRICT ATTORNEY SPENCER WALKER
P.O. BOX 850
GROVE HILL ALABAMA 36451

I MARCUS TATE MAKE THIS AFFIDAVIT IN GOOD FAITH ON MY OWN FREE
WILL

DID NOBOBY FORCE ME TO MAKE THIS AFFIDAVIT.

THIS AFFIDAVIT IS IN SUPPORT TO RESOLVE THE CASE NO. CC-99-169-M

THAT I WAS PUT IN ALABAMA DEPARTMENT OF CORRECTIONS   PRISON ILLEGAL

### SUBJECT MATTER

(A). IF THE DISTRICT ATTORNEY OFFICE AND CLARKE COUNTY CIRCUIT
JUDGE AND COURT WILL HONOR THE PENDING POSTCONVICTION RULE
32 IN CASE NO. CC-99-169-M AND ABOLISH THE CONVICTION
AND SENTENCE ORDER AND SET MR. TATE FREE BACK TO HIS
FAMILY AND COMPENSATE HIM $ 1.MILLION DOLLARS

   I MARCUS TATE SWEAR TO AFFIRM I WILL NOT SUE THE
   DISTRICT ATTORNEY OFFICE FOR KIDNAPPING ME IN CASE NO.
   CC-99-169- M

(B). MR. SPENCER WALKER YOU KNOW I,AM INNOCENT OF THIS CASE
CAUSE YOU REPRESENT BOTH C/O DEFENDANTS WITNESS
LORENZO SMITH AND NAKIA McCASKEY

ELMORE COUNTY                    _Marcus D Tate_____
STATE OF ALABAMA                 MARCUS TATE AIS# 180664
NOTARY PUBLIC                    P.O. BOX 56 ELMORE AL, 36025

SWORN TO AND SUBSCRIBED BEFORE ME THIS DAY _16th_ MONTH NOVEREMBER
2006
NOTARY NAME" _James H Lindsey Jr._   COMMISSION EXPIRES: _1/28/08_
                                                   Elmore, AL

00025

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

STATE OF ALABAMA,                    *
    Respondent,                      *
                     *
                     *
                     *
    vs.                              *  CASE NO:   CC-1999-169
                     *
                     *
MARCUS TATE,                         *
    Petitioner.

**FILED**
01/26/2007
**JAY DUKE**
Circuit Clerk

## RESPONSE

    COMES NOW the State of Alabama, by and through its Assistant District Attorney, Joe H. Thompson, and in response to the petition of Marcus Tate for post conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure, shows the following:

## ALLEGATIONS OF PETITIONER AS UNDERSTOOD BY THE STATE

32(a)  [X]    Petitioner alleges that the Constitution of the United States or of the State of Alabama requires a new trial, a new sentencing proceeding, or other relief stating specifically as follows:

1.  [ ]    Petitioner contends the conviction was obtained by plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequences of the plea.

2.  [X]    Petitioner claims the conviction was obtained by use of coerced confession.

3.  [ ]    Petitioner contends the conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

4.  [ ]    Petitioner claims the conviction was obtained by use of evidence obtained pursuant to an unlawful arrest.

5.  [ ]    Petitioner contends the conviction was obtained by a violation of the privilege against self-incrimination.

6.  [ ]    Petitioner claims the conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.



7.    [ ]    Petitioner contends the conviction was obtained by a violation of the protection against double jeopardy.

8.    [ ]    Petitioner claims the conviction was obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled

9.    [ ]    Petitioner contends he was denied effective assistance of counsel at trial and on appeal.

(b)    [X]    The court was without jurisdiction to render the judgment or to impose the sentence.

(c)    [ ]    The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

(d)    [ ]    Petitioner is being held in custody after his sentence has expired.

(e)    [X]    Newly discovered material facts exist which require that the conviction or sentence be vacated by the court because:

- The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

- The facts are not merely cumulative to other facts that were known; and

- The facts do not merely amount to impeachment evidence; and

- If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

- The facts establish that the petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

(f)    [ ]    The petitioner failed to appeal within the prescribed time and that failure was without fault on the petitioner's part.

## STATE'S RESPONSE

[ ]    Petitioner is precluded from raising a second or successive petition on the same or similar grounds  pursuant to Al. Crim. P. 32.2 (b).



)                                    )                    00027

[X]    Petitioner is precluded from raising petition for post-conviction relief in that the limitations
       period of one year for filing has run since his conviction on November 2, 1999, pursuant to
       Al. Crim. P. 32.2 (c).

[ ]    The Petitionor is precluded from raising this petition for post-conviction relief in that it
       challenges multiple judgments entered in more than a single trial or guilty-plea proceeding
       pursuant to Al. Crim. P. 32.1.

       The State of Alabama denies each and every allegation of petitioner as set forth in the
above allegations of petitioner as understood by the state. Further, as to said allegations by
petitioner, the State of Alabama alleges the following:

As to Petitioner's claim 32(a)(2):

[ ]    Is due to be denied because the allegations may still be raised on direct appeal under
       the Alabama Rules of Appellate Procedure or by post-trial motion under Rule 24.  Al. Crim.
       P. 32.2 (a)(1).

[ ]    Is due to be denied because the allegations were or could have been raised or addressed
       at trial. Al. Crim. P. 32.2 (a)(2), (3).

[ ]    Is due to be denied because the allegations were or could have been raised on appeal. Al.
       Crim. P. 32.2 (a)(4),(5).

[X]    Is due to be denied because the allegations are not sufficiently specific.  Petitioner offers
       no specific facts or evidence which support these allegations. Al. Crim. P. 32.6.  Futher,
       Petitioner's claim 32(a)(2) is untimely in that the limitations period of one year for filing has
       run since his conviction on November 2, 1999, pursuant to Al. Crim. P. 32.2 (c)

As to Petitioner's claim 32(b):

[ ]    Is due to be denied because the allegations may still be raised on direct appeal under the
       Alabama Rules of Appellate Procedure or by post-trial motion under Rule 24.  Al. Crim. P.
       32.2(a)(1).

[ ]    Is due to be denied because the allegations were or could have been raised or addressed
       at trial.  Al. Crim. P. 32.2 (a)(2), (3).

[ ]    Is due to be denied because the allegations were or could have been raised on appeal. Al.
       Crim. P. 32.2 (a)(4), (5).

[X]    Is due to be denied because the allegations are not sufficiently specific.  Petitioner offers
       no specific facts or evidence which support these allegations. Al. Crim. P. 32.6.



As to Petitioner's claim 32(e):

[ ]     Is due to be denied because the allegations may still be raised on direct appeal under the Alabama Rules of Appellate Procedure or by post-trial motion under Rule 24. Al. Crim. P. 32.2(a)(1).

[ ]     Is due to be denied because the allegations were or could have been raised or addressed at trial. Al. Crim. P. 32.2 (a)(2),(3).

[ ]     Is due to be denied because the allegations were or could have been raised on appeal. Al. Crim. P. 32.2 (a)(4),(5).

[X]     Is due to be denied because the allegations are not sufficiently specific. Petitioner offers no specific facts or evidence which support these allegations. Al. Crim. P. 32.6.

## PRAYER FOR RELIEF

The State of Alabama respectfully requests that each of the Petitioner's claims be denied. The State of Alabama avers that no material issue of facts or law exists which would entitle the Petitioner to relief under Rule 32 and that no purpose would be served by any further proceedings.

In the alternative and without waiving the procedural grounds stated herein, the State of Alabama denies each and every allegation and demands for strict proof thereof.

Submitted this the 24th day of January, 2007.

Joe H. Thompson
Assistant District Attorney
First Judicial Circuit

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on the Petitioner on the 24th day of January, 2007, by U.S. Mail.

Joe H. Thompson

61

00029

# IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

STATE OF ALABAMA,
    Respondent,

    vs.

MARCUS TATE,
    Petitioner.

\*
\*
\*
\*
\*
\* CASE NO.    CC-1999-169
\*
\*
\*

FILED
01|26|2007
JAY DUKE
Circuit Clerk

## ORDER

    The Court, having reviewed the record, the pleadings, and the exhibits, is of the opinion that the Rule 32 Petition of Marcus Tate for post-conviction relief is due to be denied based on the following grounds:

## FINDINGS

[ ]    Petitioner is precluded from raising a second or successive petition on the same or similar grounds pursuant to Al. Crim. P. 32.2 (b).

[X]    Petitioner is precluded from raising petition for post-conviction relief in that the limitations period for filing has run pursuant to Al. Crim. P. 32.2 (c).

[ ]    The Petitionor is precluded from raising this petition for post-conviction relief in that it challenges multiple judgments entered in more than a single trial or guilty-plea proceeding pursuant to Al. Crim. P. 32.1.

Specifically, in regards to Petitioner's claim 32(a)(2):

[ ]    Is denied because the allegations may still be raised on direct appeal under   the Alabama Rules of Appellate Procedure or by post-trial motion under Rule 24.  Al. Crim. P. 32.2 (a)(1).

[ ]    Is denied because the allegations were or could have been raised or addressed at trial. Al. Crim. P. 32.2 (a)(2),(3).

[ ]    Is denied because the allegations were or could have been raised on appeal. Al. Crim. P. 32.2 (a)(4),(5).

[X]    Is denied because the allegations are not sufficiently specific.  Petitioner offers no specific facts or evidence which support these allegations.  Al. Crim. P. 32.6.

00030

Futher, Petitioner's claim 32(a)(9) is untimely in that the limitations period of one year for filing has run since his conviction on November 2, 1999, pursuant to Al. Crim. P. 32.2 (c).

In Regards to Petitioner's claim 32(b):

[  ]    Is denied because the allegations may still be raised on direct appeal under  the Alabama Rules of Appellate Procedure or by post-trial motion under Rule 24.  Al. Crim. P. 32.2 (a)(1).

[  ]    Is denied because the allegations were or could have been raised or addressed at trial. Al. Crim. P. 32.2 (a)(2),(3).

[  ]    Is denied because the allegations were or could have been raised on appeal. Al. Crim. P. 32.2 (a)(4),(5).

[X]    Is denied because the allegations are not sufficiently specific.  Petitioner offers no specific facts or evidence which support these allegations.  Al. Crim. P. 32.6.

In Regards to Petitioner's claim 32(e):

[  ]    Is denied because the allegations may still be raised on direct appeal under  the Alabama Rules of Appellate Procedure or by post-trial motion under Rule 24.  Al. Crim. P. 32.2 (a)(1).

[  ]    Is denied because the allegations were or could have been raised or addressed at trial. Al. Crim. P. 32.2 (a)(2),(3).

[  ]    Is denied because the allegations were or could have been raised on appeal. Al. Crim. P. 32.2 (a)(4),(5).

[X]    Is denied because the allegations are not sufficiently specific.  Petitioner offers no specific facts or evidence which support these allegations.  AL Crim. P. 32.6.

     Now therefore it is ordered that the petition of Marcus Tate for post-conviction relief under Rule 32, Alabama Rules of Criminal Procedure is hereby denied.

This the 26th day of January, 2007.

_____
Circuit Judge

CC:DA
Dept

63

00031

IN THE CIRCUIT COURT OF _Clarke_ COUNTY, ALABAMA

_Marwell Tee,_    *

PETITIONER,    *

    *

VS.    CASE NO: _CC-99-168-M_

STATE OF ALABAMA,    *

RESPONDENT.    *

    *

## N O T I C E   O F   A P P E A L

Comes now the Petitioner in the above styled matter, and give due Notice Of

Appeal to the Court of Criminal Appeals for the State of Alabama from the

decision of the trial court's entry of judgment on the _24_ day of _Jan_ ,

200_7_ , whereby the trial court denied the Petitioner's Petition for Relief.

Done on this the _24_ day of _Jan_ , 200_7_ .

Respectfully Submitted,

_Marwell O. Tee_

Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the Circuit
Court Clerk of _Clarke_ County, Alabama by placing a copy of the same
in the United States mail properly stamped and addressed on this the _24_ day of
_Jan_ , 200 _7_ .

_Mark Tee_

Petitioner

64

IN THE CIRCUIT COURT OF CLARKE COUNTY
STATE OF ALABAMA

MARCUS TATE
   /S/
C/O DEFENDANTS
   WITNESS
VS.        PETITIONER,S                    *

                                    CASE NO.CC-99-169-M

STATE OF ALABAMA                    *
         RESPONDENT

APPEALS

MOTION OF ALABAMA SUPREME COURT TO UPHOLD DEFENDANT ISSUES
FOR TRIAL COURT RELIEF ON POST CONVICTION RULE 32 RELIEF

COME NOW THE DEFENDANT AND UPHOLD ISSUES FOR RELIEF BY THE
ALABAMA SUPREME COURT TO DEMAND AND REVERSE AND VACATE
ILLEGAL CONVICTION AND SET ASIDE

ISSUES

(A). VOID DEFECTIVE INDICTMENT

(B). INEFFECTIVE ASSITANCE OF TRIAL COURT COUNSEL

(C). COERCED CONFESSION AND PERJURY OF WITNESS BY THE STATE
      ROBERT KEAHEY AND SHERIFF OFFICER LARRY COLSTON

(D). UNLAWFULLY IMPRISONMENT UNDER 13A-6-42 Citing 13A-6-43
      KIDNAPPING PURSUANT FEDERAL STATUTES 18 USCS 1201
      STATUTES PROCEDURES

(E). DEFENDANT PLEAD WAS AT TRIAL COURT NOT GUITY

(F). DEFENDANT PLEAD WAS THE 5th AMENDMENT

(G). THE ISSUES ABOVE DOSE HAS TIME LIMITATIONS AND CAN NOT
      BE PROCEDURE BARRED   BY THE U.S. SUPREME COURT LAND MARK
      CASE,S

(H). THE PETITIONER ALSO SUPOENA THE U.S. CONSTITUTIONS UPON
      THIS RULE 32 POST CONVICTION RELIEF AT A-R-CRIM-P 32.9
(     (a)(b)(c)(d) EVIDENTIARY HEARING

RELIEF

WHEREFORE THE DEFENDANT DEMANDS RELIEF THAT DEEM UNDER THE
U.S. CONSTITUTIONS      CERTIFICATION OF SERVICE

PETITIONER SWEAR HE HAS SERVED THE FOLLOWING PARTIES BY U.S.
HAND MAIL DAY 24 MONTH JAN 2007
ALABAMA SUPREME COURT, AL, ATTORNEY GENERAL TROY KING
DISTRICT ATTORNEY SPENCER WALKER OFFICE CIRCUIT JUDGE OFFICE
CLERK OF COURT OFFICE        Marcell Tate

00033

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br>CC- 98-169-M |
| --- | --- | --- |

**A. GENERAL INFORMATION:**

☒ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF _Clarke_ _____ COUNTY

_Marcus TATE  # 180664_ _____ , Appellant

V.  ☒ STATE OF ALABAMA   ☐ MUNICIPALITY OF _____

| Case Number<br>CC-98-169-M | Date of Complaint or Indictment<br>1998 | Date of Judgment/Sentence/Order<br>Nov 21  1998 |
| --- | --- | --- |
| Number of Days of Trial/Hearing<br>ONE          Days | Date of Notice of Appeal<br>Oral: | Written: 1-24-07 |

Indigent Status Requested: ☒ Yes ☐ No          Indigent Status Granted: ☒ Yes ☐ No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained? ☒ Appointed ...☐ Retained. ........If no attorney, will appellant represent self? ☐ Yes ☐ No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)<br>_Attorney #180664_ | Telephone Number<br>251- |
| --- | --- |
| Address<br>3800 G.K Fountain | City<br>ATMORE | State<br>Ala | Zip Code<br>36503 |

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant<br>_Lorenzo Smith 334-636-0911_ | Case Number |
| --- | --- |
| Codefendant<br>_Nakia McCaskey 334-636-0911_ | Case Number |
| Codefendant<br>_Attorney Ben Howard Kelley_ | Case Number<br>251-246-3012 |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 ☐ State Conviction        4 ☐ Pretrial Order          7 ☐ Juvenile Transfer Order      10 ☐ Other (Specify)
2 ☒ Post-Conviction Remedy  5 ☐ Contempt Adjudication   8 ☐ Juvenile Delinquency        _____
3 ☐ Probation Revocation    6 ☐ Municipal Conviction    9 ☐ Habeas Corpus Petition      _____

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____     6 ☐ Trafficking in Drugs - § _____     11 ☐ Fraudulent Practices - § _____
2 ☐ Homicide - § _____            7 ☐ Theft - § _____                  12 ☐ Offense Against Family - § ____
3 ☐ Assault - § _____             8 ☐ Damage or Intrusion                 13 ☐ Traffic - DUI - § _____
4 ☒ Kidnapping/Unlawful                    to Property - § _____          14 ☐ Traffic - Other - § _____
     Imprisonment - § 13A-6-42       9 ☐ Escape - § _____                 15 ☒ Miscellaneous (Specify):
5 ☐ Drug Possession - § _____     10 ☐ Weapons/Firearms - § _____           _Burglary_ - § 13A-7-6

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed? ☐ Yes ☐ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript? ☒ Yes ☐ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____ (Date)
3. If the answer to question "1" is "No":
    (a) Will a stipulation of facts be filed with the circuit clerk? ☒ Yes ☐ No
    (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? ☒ Yes ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

67

Form ARAP- 26 (back)    8/91 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:**  Without argument, briefly summarize the facts of the case.

**J. ISSUE(S) ON APPEAL:**  Briefly state the anticipated issues that will be presented on appeal.  *(Attach additional pages if necessary.)*

**K. SIGNATURE:**

_____    _____
Date                       Signature of Attorney/ Party Filing this Form

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 1C       8/91 | **REPORTER'S TRANSCRIPT ORDER -- CRIMINAL**<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br>CC - 99-168 |
| --- | --- | --- |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF   _Clarke_ _____ COUNTY

_Marcus Tate & Witness_ , Appellant

V.   ☒ STATE OF ALABAMA   ☐ MUNICIPALITY OF   _Grove Hill Ala_ _____

| Case Number<br>CC-99-168-M | Date of Judgment/Sentence/Order<br>Nov-21-1999 |
| --- | --- |
| Date of Notice of Appeal<br>Oral:          Written: 1-24-07 | Indigent Status Granted:<br>☒ Yes   ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

| _Marcus Tate_ | _1-24-07_ | _Marcus Tate_ |
| --- | --- | --- |
| Signature | Date | Print or Type Name |

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R App P.)):

MARK PROCEEDINGS REQUESTED:                                                     COURT REPORTER(S)

A. ☐ **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence     _____
proceedings, a transcript of the organization of the jury and arguments of counsel must     _____
be designated separately.

B. ☐ **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and     _____
challenges for cause. Note that in noncapital cases the voir dire of the jury will not be     _____
recorded unless the trial judge so directs. (See Rule 19.4, ARCrP)

C. ☐ **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will     _____
not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
| --- | --- | --- |
| D. _____ | _____ | _____ |
| E. _____ | _____ | _____ |
| F. _____ | _____ | _____ |
| G. _____ | _____ | _____ |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER''S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

| _____ | _____ | _____ |
| --- | --- | --- |
| Signature | Date | Print or Type Name |

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to:   (1) Clerk of the Court of Criminal Appeals,   (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a

## Motion For Sentence Modification
## Pursuant to Act 2001-977
*(please print)*

Defendant  MARCUS TATE                Case No.  CC-99-169-M

Inmate AIS#  180604          Sentence  Life

County of Conviction  CLARKE    Sentencing Judge  Ramond McPhearson

Date of Sentence  Nov 2 1999  Date of Admission  FEB/2nd/2007

Comes now the defendant in the above styled case and petitions the court to reconsider the sentence previously imposed under Alabama's habitual felony offender statute, as amended by Act 2000-759, Act 2001-977, and pursuant to the Alabama Supreme Court's holding in Ex parte Kirby, 2004 WL 1909345 (Ala. 8/27/04).  *I swear and affirm that the following facts are true and correct.*

FILED
02/05/07
JAY DUKE
Circuit Clerk

Last (Current) Conviction Offense

_____ Burglary 2nd _____

Most Serious Conviction Offense  Burglary 2nd

Date Sentenced Under the Habitual Felony Offender Statute  UNKnowned

**(Must be prior to 5/26/2000)**

*I swear and affirm that:*

☐ I am currently serving a prison sentence of  *"Life without the possibility of parole,"* having been convicted of Class A Felony and sentenced under the Habitual Felony Offender Act, prior to its amendment by Act 2000-759(effective 5/25/2000), and that none of my prior convictions were for a Class A felony.

*OR*

☒ I am currently serving a prison sentence of "Life imprisonment," having been convicted of a Class B Felony and sentenced under the Habitual Felony Offender Act, prior to its amendment by Act 2000-759 (effective 5/25/2000).

List all prior adult felony convictions, including out-of-state convictions (must be three or more)

1. Crime  Youth offender     Date_____  Place of Conviction  Clarke
2.   Burglary 3rd  Tool     1997       _____  Clarke
3.   Burglary 2nd     May 12 1998    Clarke
4. _____
5. _____

Sworn to and subscribed before me,

_____            _____
Notary Public                    Signature of Defendant

2/1/07

69

00037

IN THE CIRCUIT COURT OF CLARKE COUNTY
STATE OF ALABAMA

STATE OF ALABAMA                    *
     Respondent

vs.                                 *          CC-1999-169

Marcus Tate                         *
     Petitioner

                  *

**FILED**
02/05/00
**JAY DUKE**
Circuit Clerk

PURSUANT
OBJECTION
TO CIRCUIT JUDGE DENIAL
OF POST CONVICTION OF
RULE 32 MOTION FOR RELIEF

(A). THE COURT STATED TIME LIMITATION IS DUE

    (a) FACTS UNDER THE UNITED STATES FEDERAL CONSTITUTION
        AMENDMENT 5th,4th,8th,9th,13th,14th AMENDMENTS

        THE PETITIONER IS NOT BARRED TO PROVE HIS INNOCENT

        WITH  TWO AFFIDAVITS OF C/O DEFENDANTS WITNESS
        LORENZO SMITH  AND NAKIA McCASKEY
        THAT  DISTRICT ATTORNEY ROBERT KEAHEY AND SHERIFF
        LARRY COLSTON

        (1). MADE AND THREATEN THEM TO COMMITT PERJURY
            ON THE WITNESS STAND BY  [COERCED CONFESSION]

        (2). THAT ATTORNEY BEN H.KELLY MADE IT KNOWNED TO
            THE TRANSCRIPT RECORDS CC-99-169-M
            SO THE WRATH WOULD NOT FALL ON HIM
            WITH CRIMINAL CHARGES OF

            (a). UNLAWFUL IMPRISONMENT
            (b). KIDNAPPING 1st DEGREE

(B). THE PETITIONER WILL MAKE SURE THE GOVERNOR,etal WILL GET
THERE HANDS ON THE TWO AFFIDAVITS FROM BOTH C/O DEFENDANTS
WITNESS  ALONE WITH PETITIONER ATTORNEY AT LAW PERSONAL

FEDERAL INDICMENTS

(C). THE PETITIONER AND LAWYER IS ASKING FOR FEDERAL INDICTMENTS
AND WARRANTS FOR ARREST FOR ALL PARTIES THAT CONSPIRACED
AND AID AND ABIDED IN THIS CRIME AGAINST THE STATE OF ALABAMA

JUDGE BAXTON SWORNED IN TO PROTECT
THE U.S. CONSTITUTIONS

(D). Facts see Article VI: This Constitution, and the laws of
                          the United States WHICH SHALL BE MADE
                          in Pursuance therof; and all Treaties
                          made, or which shall be made, under
                          the Authority of the United States,
                          shall be the Supreme Law of the Land;
                          and the **JUDGES** in every States shall
                          be  bound thereby, any Thing in the
                          Constitution or Laws of any State to the
                          Contrary Notwithstanding.


(E). MR. BAXTON YOU WAS SWORE TO PROTECT MY RIGHTS AND TO UPHOLD
     THE U.S. SUPREME LAWS OF THE LAND


(F). SO YOU SIR CAN BE HELD FOR AIDING AND ABIDING TO
     CRIMINAL CHARGES OF KIDNAPPING
          13A-6-43 Citing 18 USCS 1201


                    CONVICTED ILLEGAL

(G). MY PLEAD WAS THE  5th SIR

(H). MY PLEAD ALSO WAS NOT GUILTY SIR

(I). THE STATE D.A. AND SHERIFF USED CORECED CONFESSION
     AND PERJURY TESTIMONY WITH BOTH C/O DEFENDANTS WITNESS
     TO OBTAIN AN ILLEGAL CONVICTION


                    ATTORNEY BEN H.KELLY
                    PUT IT ON NOTICES
                    IN TRANSCRIPT RECORDS

(J). ATTORNEY BEN H. KELLY PUT IT ON NOTICES IN TRANSCRIPT RECORDS
     THAT BOTH C/O DEFENDANTS WAS MADE THREATEN AND COERCED
     BY THE STATE D.A. AND SHERIFF TO COMMITT PERJURY ON
     THE WITNESS STAND TO OBTAIN A CONVICTION ILLEGAL

                    CERTIFICATION SERVICE

I PETITIONER SWEAR I HAVE SERVED THE CLERK OF COURT AND JUDGE
OFFICE AT P.O. BOX 912 GROVE HILL ALABAMA 36451
DONE THIS DAY 1ST MONTH FEB 2007        Marcus Tate
                          MARCUS TATE AIS# 180664
                          3800 GK FOUNTAIN
                          ATMORE ALABAMA 36503

00039

## IN THE STATE OF ALABAMA CRIMINAL COURT APPEALS

MARCUS TAITE         *
    DEFENDANT    *
            *
VS.              *       CC-99-169-M
            *       CR-99-8781
STATE OF ALABAMA    *
CLARKE COUNTY CIRCUIT COURT    *    CR-06-0868
    PLAINTIFF    *
            *
            *

PURSUANT

### WRIT OF MANDAMUS PETITION

In,Re: OBJECTION TO POSTCONVICTI

ON RULE 32

/&/ MOTION FOR APPEALS

COME NOW THE PLAINTIFF AND MOVE THIS HONORABLE COURT OF ALABAMA
CRIMINAL COURT APPEALS AND(ORDER) EVIDENTIARY HEARING AND COURT
ORDER SUBPOENA BOTH C/O DEFENDANTS WITNESS AND THE TRIAL COURT
TO ANSWER THIS MANDAMUS OF DEFENDANT FOR GOOD REASON BY LAW
AS STATED BELOW:

REASONS

### FACTS

(A). THIS LIFE CONVICTION WAS OBTAINED BY[1]. COERCED CONFESSION
[2]. PERJURY,[3]. WHERE DISTRICT ATTORNEY et,al" MADE AND THREAT
EN,,,. BOTH OF MY FRIENDS[4]. LORENZO SMITH[5].NAKIA
McCASKEY ON JURY STAND NOV/2/1999
FACTS SEE TRANSCRIPT PAGE NO.[225] AND ARMED LOADED AFFIDAVI
TS ATTACHED.

(B). [1]. FACTS MY PLEAD WAS NOT GUILTY[2]. MY PLEAD ALSO WAS THE
FIFTH AMENDMENT OF CONSTITUTION RIGHTS

(C). THE DEFENDANT DID NOT TESTIFY IN TRIAL COURT OF NOV/2/1999

(D). THE DEFENDANT HAVE TWO SWORN AFFIDAVITS OF BOTH C/O DEFENDAN
TS WITNESS [1]. LORENZO SMITH AND[2]. NAKIA McCASKEY
STATING I DID NOT COMMIT THE CRIME CC-99-169-M

"1"

(E). THE DEFENDANT HAS ALSO PUT NOTICES OF APPEALS SEE ATTACHED
EXHIBIT [10].

(F). THE CLARKE COUNTY CIRCUIT COURT HAS FAILED TO ANSWER
AND FILE NOTICES OF APPEALS WITH ALABAMA CRIMINAL COURT
APPEALS.

### SUBJECT

(G). THE DEFENDANT BRINGS THIS MANDAMUS PETITION SEEKING RELIEF
THAT THE COURT WILL BE (ORDERED) TO ANSWER PETITIONER
POST CONVICTION RULE 32 MOTION AND GIVE DEFENDANT AN
EVIDENTIARY HEARING. AND SET HIM FREE

(H). THE COURT HAS FAILED TO ANSWER DEFENDANT OBJECTION TO

POST CONVICTON RULE 32 MOTION SEE CLERK OF COURT FILES

### ACLU LAW FIRM LAWYERS

(I). THE DEFENDANT HAS CONTACTED (ACLU) LAW FIRM OUTTA NEW YORK
NEW YORK AND READY TO HIRE THESE LAWYERS

AND FORWARDING ALL THE FACTS TO BRING CHARGES OF KIDNAPPING
AND UNLANFULLY IN PRISONMENT AND NEWS MEDIA ATTENSION
CNN NEWS ATLANTA GEORGIA,           PURSUANT 13A-6-42, 13A-6-43

AND 18 USCS 1201 STATUTES PROCEDURES

BOTH C/O DEFENDANTS WITNESS MY FRIENDS WILL TELL THE WHOLE
TRUTH SO HELP THEM GOD,

### RELIEF

WHEREFORE THE DEFENDANT IS INTITLE TO RELIEF UNDER THE U.S.
CIVIL RIGHTS CONSTITUTION OF THESE STATES OF AMERICAN

73.

00041

## RELIEF

WHEREFORE THE DEFENDANT IS INTITLE TO RELIEF UNDER THE U.S. CIVIL RIGHTS CONSTITUTIONAL AMENDMENTS OF THESE STATES,

### FACTS AFFIDAVITS ATTACHED

SEE [EXAMPLE     FACTS AFFIDAVITS OF C/O DEFENDANTS WITNESS

FULLY  LOADED AND ON CENTER TARGETS]

## CERTIFICATION OF SERVICE

I DEFENDANT SWEAR TO AFFIRM I HAVE SERVED THE WRIT OF MANDAMUS UPON THE FOLLOWING PARTIES BELOW BY THE U.S. POSTAL MAIL SERVICE PREPAID MAILING STAMPS HAND DELIVERY TO FOLLOWING PARTIES THIS DAY 5th    MONTH MARCH          2007

*Marcus D. Taite*

*3800 GK Fountain*
*ATMORE Ala. 36503*

## CC-COPIES TO FIRMS

MARCUS TAITE AIS# 180664 FILES

ACLU CIVIL LAW FIRM STATE OF NEW YORK NY,

CIRCUIT COURT CLERK JAY DUKES P.O. BOX 912 GROVE HILL ALA,36451

DISTRICT ATTORNEY SPENCER WALKER P.O. BOX 850 GROVE HILL AL,36451

HON. JUDGE THOMAS BAXTON P.O. BOX 912 GROVE HILL AL,36451

ATTORNEY GENERAL TROY KING 11 SOUTH UNION STREET MONTGOMERY AL,36104

STATE OF ALABAMA GOVERNOR BOB RIPLEY MONTGOMERY AL,36104

ALABAMA CRIMINAL COURT APPEALS 300 DEXTER AVENUE MONTGOMERY AL,36104

74

06048

## IN THE CIRCUIT COURT OF CLARKE COUNTY
### State of Alabama

MARCUS TAITE
    DEFENDANT      *      CC-99-169-H
VS.
STATE OF ALABAMA      APPEAL NO. CR-99-0781
    PLAINTIFF      *

     CR-06-0868

     *

[NAKIA MCCASKEY AFFIDAVIT]

### C/O DEFENDANT WITNESS AFFIDAVIT FACTS

MY NAME IS NAKIA MCCASKEY I AM OVER THE AGE 21 AND CAN STAND TRIAL AND ALLEGE THE FACTS IN CASE NO. CC-99-169-H AND CASE NO. CR-99-0781 THAT DEFENDANT MARCUS TAITE IS INNOCENT OF THE CHARGE BURGLARY SECOND DEGREE 13A-7-6

### INCIDENT LOCATION

(A). MARCUS TAITE NEVER COMMITTED NO BURGLARY ON DANNY JOE SIMS HOME OLD HIGHWAY FIVE SOUTH OF THOMASVILLE ALABAMA WE WAS "MADE" AND "THREATEN" BY DISTRICT ATTORNEY ROBERT KEAHEY AND SHERIFF LARRY COLSTON TO COMMITT PERJURY IN TAITE JURY TRIAL TO GET HIM A LIFE CONVICTION WRONGFULLY AND ILLEGALLY.

THE FACTS IS STILL IS TRIAL COURT TRANSCRIPT PAGE NO. 235

THE STATE TOLD ME AND MY COUSIN LORENZO SMITH IF WE DID NOT SAY TAITE WAS INVOLED HE WAS GOING TO GIVE US A LIFE SENTENCE BUT WE SAID IF WE COMMITT TO HIS DEAL HE WOULD GIVE US FIVE YEARS ON PAPERS AND PROBATION

### AFFIDAVIT

STATE OF ALABAMA
NOTARY PUBLIC

     NAKIA MCCASKEY B/M
     C/O DEFENDANT WITNESS

Sworn to and subscribed before me this day of_____ month_____ and year 200_____

NOTARY_____

COMMISSION EXPIRES:_____

ARMED Exhibit #1 Affidavit

00043

IN THE  CIRCUIT COURT OF CLARKE COUNTY
STATE OF ALABAMA

MARCUS TAITE
DEFENDANT                          *

vs.                                *     CASE NO. CC-99-169-M
                                         APPEAL NO. CR-99-0781
STATE OF ALABAMA
PLAINTIFF                          *     CR-06-0868

                                   *

## C/O DEFENDANT LORENZO SMITH

### AFFIDAVIT STATEMENTS

MY NAME IS LORENZO SMITH I AM OVER THE AGE 21 AND CAN STAND
TRIAL AND ALLEGE THE FACTS IN CASE NO. CC-99-169-M AND CR-99-0781
THAT DEFENDANT MARCUS TAITE IS INNOCENT OF THE CHARGE BUGLARY
SECOND DEGREE 13A-7-6

### INCIDENT LOCATION

MARCUS TAITE NEVER COMMITTED NO BUGLARY ON DANNY JOE SIMS HOME
ON OLD HWY FIVE SOUTH WE WAS "MADE" AND"THREATEN" BY DISTRICT
ATTORNEY BOBBY ROBERT KEAHEY AND SHERIFF OFFICER LARRY COLSTON
TO COMMITT "PERJURY" IN THEIR TRIAL TO GET HIM A LIFE SENTENCE
CONVICTION WRONGPULLY

### STATE OF ALABAMA DEAL BARGAIN

THE STATE TOLD ME AND MY COUSIN NAKIA MCCASKEY IF WE DID NOT SAY
TAITE WAS INVOLED HE WAS GOING TO GIVE US A LIFE SENTENCE BUT
HE SAID IF WE COMMITT TO HIS DEAL HE WOULD GIVE US FIVE YEARS
ON PAPERS AND PROBATION.

### AFFIDAVIT

STATE OF ALABAMA
NOTARY PUBLIC

                         LORENZO SMITH C/O DEFENDANT
                                   WITNESS

Sworn to and subscribed before me this day of_____MONTH_____
AND YEAR 200,_____

NOTARY:_____

COMMISSION EXPIRES:_____

ARMED Exhibit #2 AFFidavit

00044

AP 14-3 Certificate of Completion and Transmittal of Record on Appeal by Trial Clerk          Printed and for Sale by Roberts & Son, Birmingham

## CERTIFICATE OF COMPLETION AND TRANSMITTAL
## OF RECORD ON APPEAL BY TRIAL CLERK

MARCUS ORLANDA TATE

Appellant

V.

State of Alabama
Appellee

TO: The Clerk of the Court of
Criminal Appeals of Alabama

Case No. CC-1999-169.61

Date of Notice of Appeal 01/25/2007

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of ___44___ pages) ( _____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___8th___ day of ___MARCH_____, 19X 2007 .

_____
Circuit Clerk

CLARKE
County

77