IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS ORLANDO TATE, #180664, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-292-WKW |
| | ) | [WO] |
| | ) | |
| MARC BASS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Marcus Orlando Tate ["Tate"], a state inmate, complains of actions taken against him by officials of Clarke County, Alabama which led to his criminal conviction in November of 1999. Specifically, Tate asserts that Robert Keahey, the District Attorney for Clarke County, and Spencer Walker, an assistant district attorney, "used coerced confession[s] of two illegal witness[es] who committed the crime that did not have any knowledge of Tate burglarizing no home...." to effectuate his conviction. *Plaintiff's Complaint - Court Doc. 1-1* at 3. Tate further complains that the Attorney General for the State of Alabama and two assistant attorneys general have violated his constitutional rights in "fighting to keep an innocent man" in prison. *Id*. at 7. Tate maintains that the actions of the defendants constitute "excessive force, illegal arrest, false imprisonment, kidnapping ... and malicious prosecution." *Id*. at 2. Tate requests entry of a "federal court order to ... abolish [his] life sentence [and] conviction." *Id*. at 4.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District of

Alabama pursuant to 28 U.S.C. § 1404.[1]

## DISCUSSION

A civil action filed by a state inmate under authority of 42 U.S.C. § 1983 "may be brought ... in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

Those individuals personally responsible for a majority of the challenged actions reside in the Southern District of Alabama. Although by virtue of their positions with the Attorney General's office, defendants Bass, King and Starrett reside in the Middle District of Alabama, these defendants are subject to service of process throughout the state and commonly defend suits in all federal courts of this state. It is likewise clear from Tate's recitation of the facts that the actions about which he complains occurred during proceedings which transpired in the Southern District of Alabama. Thus, the majority of material witnesses and evidence associated with this case are located in the Southern District of Alabama. Moreover, on January 9, 2007, this court transferred a substantially similar

---

[1] The plaintiff filed an affidavit in support of a request for leave to proceed *in forma pauperis*. However, in light of the 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, matters related to Tate's *in forma pauperis* status, including the assessment and collection of any filing fee, should be undertaken by the United States District Court for the Southernn District of Alabama. Thus, this court will not address Tate's request for leave to proceed *in forma pauperis*. The court does note that upon research of cases filed by Tate in the federal district courts of this state it appears that he has run afoul of the "three strikes" provision of 28 U.S.C. § 1915(g).

cause of action to the United States District Court for the Southern District Court for review and determination. *Tate v. King, et al.*, Civil Action No. 2:06-CV-1094-MEF-CSC (M.D. Ala. 2007).

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for disposition.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before April 25, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661

---

[2]In transferring the instant case, this court makes no determination with respect to the merits of Tate's claims for relief even though it appears that such claims are not proper in a complaint filed under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of April, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE